Miller v. Wade.

## MILLER v. WADE.

LIQUOR LAW.—*Application for License.—Remonstrance.— Where Filed.*—A remonstrance against the granting of a petition for a license to sell intoxicating liquors must be filed before the board of commissioners where such petition is pending.

SAME.—*Appeal to Circuit Court.—Parties.—New Remonstrant.—Practice.*—On appeal to the circuit court from the action of a board of commissioners on a petition for such license, that court has no power, on the withdrawal of a remonstrance made before such board, to allow a new party to appear and file a remonstrance.

SAME.—*Verdict.—Interrogatories to Jury.—Qualifications of Applicant.—Conclusion of Law.*—On the trial, in the circuit court, of an application for license to sell intoxicating liquors, made under the act of March 17th, 1875, 1 R. S. 1876, p. 869, the jury trying the cause returned, with their general verdict refusing such license, answers to interrogatories propounded to them, finding the applicant to be a sober and moral man, and that he was, at the time of giving notice of his application, a temperate, moral man, of the age of twenty-one years, and a resident of the township, county and State where he had made his application. They also found that he was not "a fit man to sell intoxicating liquors," etc.

*Held,* that the applicant was entitled to a license on the answers to interrogatories, notwithstanding the general verdict.

*Held,* also, that the finding, that the applicant was unfit to be trusted with the sale of intoxicating liquors, was, in view of the other findings, a mere conclusion of law.

From the LaGrange Circuit Court.

*A. Ellison* and *T. E. Ellison,* for appellant.

*C. U. Wade,* for appellee.

BIDDLE, C. J.—Petition by Solomon C. Miller, to the board of commissioners of LaGrange county, to obtain license to sell intoxicating liquors, under sections 3 and 4 of the act of March 17th, 1875, 1 R. S. 1876, p. 869.

A remonstrance was filed against the petition, the cause heard, and the license denied. Miller appealed to the circuit court. During the proceedings in the circuit court, the remonstrants withdrew their names from the case, from time to time, until "there was no remonstrant left in said cause."

At this point, Cyrus U. Wade, who had not before been a remonstrant, filed his remonstrance against the petition, which the court allowed him to do, over the objections and exceptions of the appellant. A trial by jury was had, and the following verdict returned:

"We, the jury, find for the remonstrant, and that the applicant is not entitled to said license."

With the general verdict, the jury also returned certain special interrogatories, and answers to them, as follows:

"1. Was, and is, said Miller, a sober and moral man?

"Answer. Yes.

"2. Was said Miller, at the time of giving notice and the filing of the petition in this case, and now, a male inhabitant of the town of LaGrange, county of LaGrange, and State of Indiana, over twenty-one years of age, and a moral and temperate man?

"Answer. Yes.

"3. Is said Miller a fit man to sell intoxicating liquors in less quantity than a quart, to be drunk on the premises?

"Answer. No."

The appellant moved the court to render judgment in his favor, upon the special interrogatories and the answers thereto, and grant him a license as prayed. This motion was overruled, exception reserved, and the license denied.

Appeal.

Assignments of error are properly made, presenting the questions reserved in the record.

We think the court erred in permitting the appellee to become a party, as a remonstrant, after the case was appealed to the circuit court, and while pending therein. The act does not contemplate any such practice; indeed, there is no law to authorize it. The remonstrance must be filed before the board of commissioners.

But the appellant insists mainly upon his right to the license, as petitioned and prayed for, under the special interrogatories and answers; and we think he was entitled to it. The first and second interrogatories, with their answers, find all the facts affirmatively, which are necessary, as to the character of the applicant, to entitle him to a license under the law, and they must control the general verdict.

The third interrogatory and its answer find no fact, but merely a conclusion without facts—indeed, contrary to the facts—and when the facts are found from which the law draws a different conclusion from that of the jury, the law must prevail. The jury in civil cases are judges of the facts, and not of the law arising from them. Any other rule would give the jury legislative power, and allow them to override the law, in obedience to the temporary sentiment of some particular locality, and disregard settled rights. The law is general; it comes up to the standard of the average honest, moral, just man. It governs all, upon principles which are just to all, but favors none. It does not attempt to accommodate itself to angels, and yet protects even brutes. It will not bend to fulfil the zealous hopes of a "temperance crusade," nor to gratify the ardent wishes of an anti-temperance saturnalia; but it does equal and exact justice to all, according to the same standard.

We have thought these remarks necessary, on account of the unwarrantable paper filed by the appellee as a re-

monstrance, and the extraordinary facts surrounding the case, as shown by the record.

Other questions made need not be decided.

From the record, it appears that the appellant had complied with the statute, that he was an inhabitant of the place, over the age of twenty-one years, not unfit on account of immorality, and not in the habit of becoming intoxicated.

There was no unfitness, in this case, alleged against the applicant, but what is negatived by the verdict, and we think he is entitled to his license.

The judgment is reversed, at the costs of the appellee, and the cause remanded with instructions to sustain the appellant's motion for judgment in his favor, and to grant him license according to law.