## HALLORAN v. McCULLOUGH ET AL.

COUNTY COMMISSIONERS.—*Application for License.*—*Action by Applicant for Damages.*—*Liquor Law.*—An application for a license to sell intoxicating liquors is a judicial proceeding ; and, therefore, the board of commissioners are not personally liable in an action against them to recover damages alleged to have resulted from their action in such a proceeding.

From the Newton Circuit Court.

*R. C. Gregory* and *W. B. Gregory*, for appellant.

*R. S. Dwiggins*, *Z. Dwiggins* and *S. P. Thompson*, for appellees.

SCOTT, J.—The appellant sued the appellees in the Jasper Circuit Court, and on his application the venue was changed to the Newton Circuit Court.

This is the complaint substantially: That he was a proper person to have a license to retail intoxicating liquor; that he made a proper application to the Board of Commissioners of Jasper county for a license, gave the proper notice, and was ready and willing to comply with the law in all respects; that the appellees, as members of the board of commissioners, fraudulently refused to hear his petition and grant him a license, but continued the hearing thereof until the next term of said commissioners' court, by reason of which action of the appellees he was damaged in the sum of two thousand dollars.

A demurrer to the complaint, for want of facts, was overruled and exception entered; and the appellees answered in six paragraphs. The first, second and fifth paragraphs of the answer admit that the appellees were members of the Board of Commissioners of Jasper county; that the application for license was made as set forth in the complaint; that the said application was resisted by remonstrators, and a proper remonstrance filed; that the remonstrants made a motion for a continuance of said application, and filed an affidavit in support of the motion; and that acting in a judicial capacity upon such application, they granted a continuance; that they acted honestly and to the best of their judgments in granting such continuance; that the application for such license was still pending in the commissioners' court.

There was a demurrer to these answers overruled and exception. Reply to answers. Trial by jury. Verdict for the defendants. Motion for a new trial overruled and exception. There are several errors assigned in this court, but the only one relied on for a reversal is the alleged error of the court, in overruling the motion for a new trial.

The cause was decided correctly, as there was no cause of action made by the complaint. The application for a license to retail intoxicating liquors is a judicial proceeding, and the commissioners before whom said application is made can not be held personally liable for any decision made thereon. *Kress* v. *The State, ex rel.*, 65 Ind. 106; *The State, ex rel.*, v. *Jackson, ante*, p. 58.

The judgment is affirmed, at the costs of the appellant.