List *et al. v.* Padgett.

No. 11,289.

## LIST ET AL. *v.* PADGETT.

INTOXICATING LIQUOR.—*Granting License to Sell.*—*Remonstrance.*—*May be Filed Before County Commissioners Only.*—The remonstrance provided for by section 5314, R. S. 1881, against the granting of license to sell intoxicating liquors, must be presented to the board of county commissioners; and it is not error for the circuit court to refuse to permit a person to become a remonstrant when the cause is pending therein on appeal.

SAME.—*Qualification of Remonstrator.*—*Privilege to Remonstrate Lost by Removal from Township.*—If one remonstrating under said statute, during the pendency of the cause after the filing of his remonstrance, cease to be a voter of the township for which the license is sought, he will thereby lose the personal privilege of being a remonstrant, and there will be no error in dismissing his remonstrance and refusing him permission to further resist as a remonstrant the granting of the license.

From the Johnson Circuit Court.

*J. H. Jordan, G. W. Grubbs, G. A. Adams, L. Ferguson, W. R. Harrison* and *W. E. McCord,* for appellants.

*J. V. Mitchell, J. F. Cox, J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellee.

BLACK, C.—In March, 1883, the appellee applied to the board of commissioners of Morgan county for license to sell intoxicating liquors in Martinsville, Washington township, in said county.

Bedford C. Wigginton and Samuel J. List remonstrated, in writing, before said board against the granting of such license, making general and specific charges of unfitness of the applicant. The board of commissioners refused to grant the license, and the applicant appealed to the Morgan Circuit Court. Venue was changed to the Shelby Circuit Court and thence to the Johnson Circuit Court, where, on the 24th of September, 1883, said Wigginton, by his attorney in fact, dismissed his remonstrance. At the same time, a power of attorney executed by said List, on the 11th of September, 1883, was filed by the attorney in fact, therein named, one Hilton, whom said List thereby authorized to

dismiss his said remonstrance; and thereupon said attorney in fact of said List moved to withdraw and dismiss List's remonstrance. But List appeared by other attorneys in fact, and objected to the dismissal of his remonstrance under said power of attorney, which it was shown said List had revoked by a power of attorney, dated September 20th, 1883, by which he authorized said other attorneys in fact to prosecute his said remonstrance.

Pending said motion of Hilton to dismiss and the objection thereto, it having been shown that said List, after the filing of his remonstrance, had removed to the State of Illinois and was then a resident thereof, the court, over the objection of List and his attorneys in fact appointed September 20th, 1883, and over their offer to proceed with the trial of said remonstrance, dismissed said remonstrance as to said List, and refused to permit him longer by his said attorneys to prosecute said remonstrance. Thereupon, Merwin W. Rowe filed his sworn application, wherein he represented that he was a resident of Washington township, Morgan county, Indiana, and that he was over twenty-one years of age and was a legal voter of said township; and he asked to be permitted to add his name to said remonstrance and to contest said application, and alleged that the material and substantial allegations in said remonstrance were true.

Upon motion of the applicant, the petition of said Rowe was rejected.

The cause coming on for trial, said List and Rowe moved that a jury be empanelled and sworn to try the cause. Upon objection made by the applicant, the court refused to allow a jury to be called. The cause was tried by the court. On the trial, the court, upon objections made by the applicant, rejected evidence offered by attorneys on behalf of said List and Rowe. The court found in favor of the applicant, and rendered judgment accordingly, from which said List and Rowe appeal.

If the court did not err in dismissing the remonstrance as

to List, or in refusing to permit Rowe to become a remonstrant, the judgment must be affirmed.

The statute, section 5314, R. S. 1881, provides that "it shall be the privilege of any voter of said township to remonstrate, in writing, against the granting of such license to any applicant, on account of immorality or other unfitness, as is specified in this act."

There is no other provision authorizing a remonstrance in such cases, and it is manifestly intended that the remonstrance shall be presented to the board of commissioners.

In *Miller* v. *Wade*, 58 Ind. 91, it was held to be error to permit a person to become a party as a remonstrant after the case was appealed to the circuit court, and while it was pending therein. We are asked to overrule that decision, but we think it was clearly right. It follows that there was no error in rejecting the application of the appellant Rowe.

It does not affirmatively appear that the appellant List was at any time a voter of said Washington township. He so described himself in his remonstrance. In his first power of attorney he referred to himself as of Douglass county, Illinois, and as having removed from Morgan county, Indiana, to Douglass county, Illinois. In his second power of attorney, he referred to himself as " now of Hinesborough, county of Douglass, State of Illinois, and late of Martinsville, Washington township, Morgan county, Indiana." There was no evidence, or agreement of parties, or finding of the court, that he was at any time a voter of said township.

The court based its action in dismissing the remonstrance as to List upon the ground that it was shown that since the filing of his remonstrance, and since the proceeding had been pending, he had removed to and was a resident of the State of Illinois; and we will proceed upon the assumption that at the time of filing his remonstrance before said board, he was a voter of said township.

The statute which authorizes the remonstrance says:  " It

shall be the privilege of any voter of said township to remonstrate."

The person who remonstrates exercises thereby a personal privilege; he does not represent the public or any portion of the community except himself. If it can not be said that all who do not remonstrate consent to the granting of the license, it may be said that they make no objection thereto.

The proceeding for obtaining a license is a judicial proceeding (*Halloran* v. *McCullough*, 68 Ind. 179), and whether there be a remonstrance or not, the license does not issue as a matter of course without proof, but the applicant must show that he is a fit person to be entrusted with the sale of intoxicating liquor, and that he is not in the habit of becoming intoxicated. *Goodwin* v. *Smith*, 72 Ind. 113 (37 Am. R. 144). Provision is thus made for the protection of the community, though there be no remonstrance. However, any voter of the township has the privilege of remonstrating on account of immorality or other unfitness, as specified in the statute; he expostulates for himself alone.

Whatever personal interest this privilege may be supposed to subserve, no one, in the eye of the law, has any sufficient interest or recognizable motive upon which to base such a privilege, unless he has the qualification of being a voter of the township.

If, before the board of commissioners, or in the circuit court, where the matter must be investigated, not for the review of errors, but *de novo*, it should be made to appear that a remonstrant had not been, at any stage of the proceeding, a voter of the township, his remonstrance might properly be dismissed; he would not be injured thereby.

If, at the time of the filing of a remonstrance before the board, the remonstrant be a voter of the township, and during the pendency of the proceeding he cease to have that qualification, and if because of such want of qualification his re-

List *et al. v.* Padgett.

monstrance be dismissed, no one else can be supposed to be injured or in any way affected by such dismissal; and he can not for himself claim to be injured. Whenever he ceases to have any recognizable interest in the prevention of the sale of intoxicating liquors in that township, his qualification for the personal privilege of opposing the granting of the license is gone.

It is urged that List had an interest in prosecuting his remonstrance for the purpose of saving himself from a judgment for costs. He had been exercising a personal privilege, and he voluntarily deprived himself of his qualification for such a privilege, and relinquished, of his own accord, whatever interest the privilege may be supposed to have been based upon. No question was raised as to what should be the rule in relation to costs in such a case. The question here is whether List can claim that there was an error injurious to him in refusing to permit him to continue as a remonstrant to resist the granting of a license to the applicant after List had lost all interest in that question by his voluntary forfeiture of his qualification for the privilege of remonstrating. If the community in which he lived when he filed the remonstrance, or any members thereof, desired to utilize his remonstrance by resisting under it the granting of the license, he can not complain because such privilege was not accorded to such other persons; and he, having ceased to be a voter of the township, can not complain on his own behalf because he was not longer permitted to make such resistance.

The judgment should be affirmed.

PER CURIAM.—It is ordered, on the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed June 4, 1884.