Bachelor *v*. Cole *et al.*

No. 15,841.

BACHELOR *v*. COLE ET AL.

DRAINAGE.—*Establishment of Ditch.—Appeal.—Right to Trial by Jury.*—In a proceeding to establish a drain, a party upon appeal to the circuit court, is entitled to a trial by jury. Under the code of 1852 he had the right to a trial by jury, and the act of 1881 (section 409,R. S. 1881),making causes which were of exclusive equitable jurisdiction prior to 1852 triable by the court, has in no way changed or interfered with such right. See also section 4302,R. S. 1881.

From the Steuben Circuit Court.

*F. S. Roby*, for appellant.

OLDS, J.—The appellant and two others filed a petition in the commissioners' court of Steuben county for a drain. The drain was established by the commissioners' court, and the appellees, William H. and Nettie Cole, appealed to the circuit court.

In the circuit court the appellant demanded a trial by jury, which the court refused. Appellant excepted.

The question as to whether or not in such a case a party is entitled to a trial by jury is properly presented.

Under the code of 1852 parties were entitled to trial by jury in all cases where there was an issue of fact. By the act of 1881, section 409, R. S. 1881, causes which were of exclusive equitable jurisdiction prior to 1852 were made triable by the court. It would seem that by this latter act the right of trial by jury in such cases as the one at bar was in no way changed or interfered with. The act authorizing drainage proceedings before county boards of commissioners would appear to contemplate the trial of the issues in the circuit court on appeal by a jury. Section 18 of the act, section 4302, R. S. 1881, provides that "If more than one party appeal, the judge of the circuit court should order the cases to be consolidated and tried

together; and the rights of each party shall be separately determined by the jury in its verdict."

The proceedings before the board of commissioners for the construction of drains is purely statutory, and when an appeal is taken to the circuit court they stand for trial *de novo.* *Hardy* v. *McKinney,* 107 Ind. 364.

In statutory actions to quiet title it has been held that either party is entitled to a jury. *Johnson* v. *Taylor,* 106 Ind. 89. In *Hardy* v. *McKinney, supra,* the court, it would seem, regarded drainage causes on appeal to the circuit court as triable by jury. That was a drainage proceeding commenced before the board of commissioners, and the court says: "In appeals to the circuit court in cases like the one in hearing, and in all analogous cases, the court or jury trying the same succeeds to all the substantial duties which devolved upon the viewers and reviewers before the board of commissioners as to the matters which stand for trial *de novo,* and a finding or verdict in detail upon all the matters in issue between the parties is contemplated."

In highway cases which are of a similar character either party is entitled to a jury. As to the object of the appeal in such cases, this court has said that it was to give the parties the benefit of a trial of questions of fact, in a court where a jury can be called. *Burtweiser* v. *Fahrman,* 88 Ind. 28 (33).

The appellant was entitled to a trial by jury, and the court erred in refusing his demand for a trial by jury

Judgment reversed at costs of appellees, with instructions to sustain appellant's motion for new trial, and to proceed in accordance with this opinion.

Filed June 17, 1892.