Fletcher v. Crist et al.

Filed Oct. 10, 1894.

---

No. 16,865.

## FLETCHER v. CRIST ET AL.

| 139 | 121 |
|-----|-----|
| 146 | 671 |

| 139 | 121 |
|-----|-----|
| 148 | 149 |
| 149 | 398 |
| 149 | 704 |
| 150 | 377 |
| 151 | 74 |

| 139 | 121 |
|-----|-----|
| 164 | 224 |
| 139 | 121 |
| 168 | 563 |

INTOXICATING LIQUORS.—*License.—Remonstrance by Nonresidents of Township.—Striking Out.*—While the statute (section 5314, R. S. 1881), authorizes only voters of the township wherein it is proposed to sell intoxicating liquors to remonstrate against the granting of a license, yet the refusal to strike out a remonstrance filed by voters of another township is harmless if a proper remonstrance, specifying the same grounds, is filed and prosecuted to the end.

SAME.—*Query*, whether, upon an application for license to sell intoxicating liquors in a town situated partly in three townships, and the giving notice to the citizens of the three townships, any citizens may remonstrate except those residing in the township in which the proposed place of sale is situate?

SAME.—*Sufficiency of Remonstrance.—How Tested.*—The sufficiency of the facts stated in a remonstrance against the granting of a license to retail intoxicating liquors may be tested by demurrer, but not by a motion to strike out parts thereof.

SAME.—*Motion to Strike Out Separate Specifications.*—The overruling of a motion to strike out separate specifications in a remonstrance is not available error.

SAME.—*Juror.—Disqualifying Opinion.— Challenge.*—One who, upon his *voir dire*, says that he has a strong prejudice against saloons, which, however, he thinks he can lay aside; that he hardly believes a man can be moral and sell liquor, and that he is opposed to granting license to any person to sell liquor under any circumstances, is not competent to sit as a juror upon the trial of an application for license to sell intoxicating liquors, and an error in overruling a challenge for cause is not cured by a peremptory challenge.

Fletcher *v.* Crist *et al.*

SAME.—*Partial Juror.*—One who upon his *voir dire*, in such a case, says that he thinks it is evidence of immorality for a man to engage in the sale of intoxicating liquors, is not impartial, and a challenge for cause should be allowed.

From the Parke Circuit Court.

*G. D. Hurley, M. E. Clodfelter* and *S. D. Puett,* for appellant.

*B. Crane* and *A. B. Anderson,* for appellees.

McCABE, J.—The appellant applied to the board of commissioners of Montgomery county for a license to sell intoxicating liquors in a less quantity than a quart at a time, in a certain room in a certain building in the village of New Market, in Brown township, in said county. Upon the hearing the board refused the license and the applicant appealed therefrom to the circuit court of the county, and the venue of the cause was changed to the Parke Circuit Court. A jury trial in that court resulted in a verdict and judgment in favor of the remonstrators and against the applicant over his motion for a new trial. Two remonstrances had been filed before the board, one by the voters of Brown township and one by the voters of Scott and Union townships.

The trial court overruled a motion by the appellant to strike out the remonstrance of the voters of Scott and Union townships, and also a motion to strike out certain portions of each of said remonstrances. The contents of the two remonstrances were alike in all respects. But it is contended by the appellant, that none but legal voters of the township in which it was proposed to sell the liquor were authorized to remonstrate. R. S. 1894, section 7278 (R. S. 1881, section 5314).

As an excuse for the filing of the remonstrance by the voters of Scott and Union townships the appellees contend that it was authorized under the circumstances, be-

cause the village of New Market, wherein the premises in which it was proposed to sell liquors, is situate partly in all three townships where they corner; and that the appellant's notice of application for license was to the citizens of New Market and to the citizens of all three townships, by naming in such notice all three townships. The statute authorized no one to remonstrate against the granting of such a license but a voter of the township. List v. Padgett, 96 Ind. 126.

However, it is unnecessary to decide whether the voters of Scott and Union townships had a right, under the circumstances, to remonstrate or not. If they had not, the refusal to strike out their remonstrance would be at most a harmless error. Because those who did have a right to remonstrate against the granting of the license had done so specifying the same grounds of remonstrance that the voters of Union and Scott townships had specified; and they continued to vigorously prosecute the same to the end.

If the evidence was contrary to or insufficient to support the verdict, that opposition or insufficiency would not have been either increased or decreased, by striking out such remonstrance. The result could not, and would not, have been changed by striking out the remonstrance of the voters of Union and Scott townships. The evidence of unfitness of the applicant to be entrusted with a license was all admissible under the remonstrance of the voters of Brown township, and the other remonstrance had no influence in producing the verdict or in preventing a verdict the other way.

The motion to strike out parts of the remonstrance went to each and all of the grounds specified therein against the granting of the license. Had the motion been sustained, there would have been no grounds stated in the remonstrance why the license should not be

granted. In short, there would have been no facts whatever left in the remonstrance; there would have been-no remonstrance left on file. It would have been too late to file a remonstrance in the circuit court had the court sustained the motion to strike out. *Miller* v. *Wade,* 58 Ind. 91; *List* v. *Padgett, supra.* Had a demurrer been filed to the remonstrance or the several specifications thereof separately for want of sufficient facts, and it had been sustained, the remonstrance could have been amended. *Stockwell* v. *Brant,* 97 Ind. 474. We learn from the brief of appellant's counsel that the motion to strike out was designed by them to test the sufficiency of the several specifications in the remonstrance to constitute a defense to appellant's application. A motion to strike out does not, and can not, perform the office of a demurrer. *Port* v. *Williams,* 6 Ind. 219; *State, ex rel.,* v. *Newlin,* 69 Ind. 108; *Indianapolis Piano Mfg. Co.* v. *Caven,* 53 Ind. 258.

This case furnishes a strong illustration of the propriety and necessity of the rule. If the facts stated in the remonstrance were relevant, yet insufficient to constitute a defense to the application, or to constitute a sufficient reason why the license should not be granted, and they are struck out on motion, the remonstrator has no remedy, though the most abundant reasons exist why the license should not be granted, because he can not file a new remonstrance in the circuit court, as we have already seen. Had the objection been taken by demurrer, on the same being sustained, he could have amended the remonstrance so as to make its statement of facts sufficient to warrant the refusal of the license. If it be said that the motion to strike out was directed to the several specifications in the remonstrance separately, and that under it portions might have been stricken out, and other portions left in, then we answer

that it is the established rule that overruling a motion to strike out a part of a pleading is not available error. *Walker* v. *Larkin*, 127 Ind. 100; *McFall* v. *Howe, etc., Co.*, 90 Ind. 148; *Losey* v. *Bond*, 94 Ind. 67; *Morris* v. *Stern*, 80 Ind. 227; *City of Crawfordsville* v. *Brundage*, 57 Ind. 262.

The sufficiency of the facts stated in the remonstrance is not attempted to be presented here in any other way than by the motion to strike out. Therefore, we hold that the sufficiency of the facts stated in the remonstrance, and the several specifications thereof, is not presented by the record for our consideration and decision.

One Ed Thomas was called as a juror, and on his *voir dire* in answer to proper questions, stated that he had a prejudice against saloons, and that his prejudice was strong, though he thought he could lay it aside, and that he hardly believed a man can be a moral man and sell liquor, and that he was opposed to granting license to any person to sell liquor under any circumstances.

Another juror, one James A. Bain, stated in answer to proper questions on his *voir dire*, that he did not like saloons. Did not know that he would oppose granting a license to sell liquor; that he' thinks it is evidence of immorality for a man to engage in the sale of intoxicating liquors; that he expected that he could return a fair and impartial verdict upon the law and the evidence in the case; that he could so far as the law and evidence goes.

Both jurors were challenged by the appellant for cause, but the court overruled the challenges, and the appellant excepted.

We regret that appellee's counsel have wholly failed to notice the argument of appellant's counsel on the question of the competency of these jurors, or to suggest any reason on which it is supposed that the ruling of the

court thereon can be sustained, though they have ably briefed the case on other questions involved in the record.

The exact question as to the competency of the juror Thomas was decided against his competency in *Keiser* v. *Lines*, 57 Ind. 431. In answer to the question whether a person called as a juror in that case had formed or expressed an opinion as to the merits of the case, the juror answered: "No; but I am opposed to granting license to any person, under any circumstances." The trial court overruled the challenge. This court there said: "We think the challenge for cause should have been allowed. The answer of the juror, that he 'was opposed to granting license to any person, under any circumstances,' was equivalent to saying, that he was opposed to granting license to the appellant, if he established his right to obtain license according to law. That a juror, entertaining such an opinion, was incompetent to sit in the case, is a proposition which seems so plain to us that we think reasons given in its support would be thrown away. The independence, freedom from interest, impartiality, and the unbiased opinion of jurors must be secured to all, or justice can not be administered."

To the same effect are *Chandler* v. *Ruebelt*, 83 Ind. 139; *Stoots* v. *State*, 108 Ind. 415.

The juror Thomas was afterwards peremptorily challenged by the appellant, so that he did not serve. But that does not cure the error of overruling the challenge for cause. *Brown* v. *State*, 70 Ind. 576.

This court there said: "It can not be correctly said, * * that these peremptory challenges were allowed for the purpose of correcting the errors of the trial court, in overruling the defendant's challenges for cause. There can be no doubt, we think, that the appellant was prejudiced and injured by the decisions of the court in overruling

her challenges for cause as to the jurors, Tyner and Dawson, in this, that she was thereby compelled, as we assume, to use two of the peremptory challenges allowed her by law for other purposes, to relieve herself, as far as she could, from the erroneous rulings of the court on her challenges for cause.''

In *Chandler* v. *Reubelt, supra,* the appellant was an applicant for a license to retail intoxicating liquors, which had been refused by the board, and he appealed. A juror called in that case said, in answer to a proper question, that he did not think a moral man would sell liquor; but, notwithstanding his prejudice, he believed he could render a verdict according to the law and the evidence. This court held such juror not impartial, and therefore an incompetent juror.

The answers of the juror Bain brought him within the rule here laid down, and show that he was not an impartial juror, that he had prejudged one feature of the case. The morality of the applicant was directly involved in the controversy, and his opinion was that it was evidence of immorality for a man to engage in the sale of intoxicating liquors. Appellant's application showed that he was willing, to so engage, and would do so if licensed. According to the juror's answers he must necessarily believe that fact evidence of appellant's immorality. This juror served in the cause. We are of opinion that both jurors were, under the decisions cited, incompetent, and that the court erred in overruling the appellant's challenge of them for cause.

As a new trial will necessarily result from what we have said, it is unnecessary to decide the other questions discussed, as they are not likely to arise on another trial.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion for a new trial.

Filed Oct. 31, 1894.