Castle *v.* Bell *et al.*

CASTLE *v.* BELL ET AL.

[No. 17,737.    Filed May 7, 1896.]

INTOXICATING LIQUORS.—*Application for License a Judicial Proceeding.*—The proceeding, under the act of 1875 for a license to sell intoxicating liquors, is a judicial proceeding.

SAME.—*Application for License.—Burden of Proof.*—A petitioner for a license to sell intoxicating liquors, has the burden cast upon him to prove that he is not in the habit of becoming intoxicated, and is otherwise, under the law, a fit person to be intrusted with a license to sell such liquors.

SAME.—*Remonstrance Against Application for License.—Signing by Attorney.—Statute Construed.*—Under section 7278, Burns' R. S. 1894 (section 5314, R. S. 1881), authorizing any voter of the township, wherein an applicant for a license desires to retail intoxicating liquors, to remonstrate in writing against the granting of the license, on the ground of immorality or other unfitness of such applicant, the right of such voter or voters may be exercised through the agency of a duly authorized attorney; and a motion to strike out a remonstrance, because signed by such attorney, was properly overruled.

ATTORNEY AT LAW.—*Appearance.—Prima facie Evidence.*—The appearance of an attorney at law for remonstrators, against an application for license to sell intoxicating liquors, is *prima facie* evidence of his authority to so appear.

From the Fountain Circuit Court.    *Affirmed.*

*E. F. McCabe,* for appellant.

*W. L. Rabourn,* for appellees.

JORDAN, J.—The appellant applied to the board of commissioners of the county of Warren, at its December session, 1894, for a license to sell intoxicating liquors, in a less quantity than a quart. The board, upon a hearing, refused to grant the license, and an appeal was taken by the appellant to the Warren Circuit Court, from which a change of venue was granted to the Fountain Circuit Court, wherein, upon a trial by the court, a license was again denied the appellant and judgment rendered against him for cost. Before the board of commissioners, a written remonstrance was filed, objecting to the issuing of a license to the appellant upon the grounds that he was in the habit of becoming intoxicated, and of other unfitness therein specified. In this remonstrance it was alleged, that the remonstrators were voters of the township wherein the appellant was intending to sell the intoxicating liquors, and the names of George Bell and some eleven other persons were signed to the remonstrance. After the names of these remonstrators, were the words: "By William L. Rabourn, attorney for remonstrators." Appellant unsuccessfully moved, both before the commissioners and in the circuit court, to strike out this remonstrance upon the ground that it disclosed upon its face, that the names of the remonstrators were signed by attorney. The overruling of this motion is the error assigned.

Counsel for appellant insist, that under the law, the names of the remonstrators were required to be affixed in person or by some one especially directed to do so by the person remonstrating, and not by some one acting under the limited authority of an attorney at law. It has been held by this court that the proceeding for a license to sell intoxicating liquors, under the statute, is a judicial proceeding. *Halloran* v. *McCullough*, 68 Ind. 179; *List* v. *Padgett*, 96 Ind. 126.

Castle *v.* Bell *et al.*

When a person becomes a petitioner for a license to sell intoxicating liquors, under the act of 1875, the burden is cast upon him to prove, both before the commissioners and in the circuit court, in the event of an appeal, that he is not in the habit of becoming intoxicated, and is otherwise, under the law, a fit person to be intrusted with a license to sell such liquors. *Goodwin* v. *Smith*, 72 Ind. 113; *List* v. *Padgett, supra.*

This *onus* rests upon the applicant, and such proof is required of him before he can obtain a license, without regard to the fact that a remonstrance as to his unfitness has or has not been interposed to the granting thereof.

Of course, it must be understood that if upon the hearing of the application, the remonstrators seek to establish the grounds of unfitness, as charged in their remonstrance, the burden, in this respect, is upon them to do so by a preponderance of evidence. Where evidence upon the point of the applicant's fitness is introduced *pro* and *con*, the question then to be determined upon a consideration of all the evidence given in the cause is, does the same preponderate in favor of his fitness to be intrusted with the license in question? If it does, the law awards it to him, otherwise his request therefor should be denied.

Under section 7278, R. S. 1894 (section 5314, R. S. 1881), it is the privilege of any voter of the township, wherein the applicant desires to retail intoxicating liquors, to remonstrate in writing, against the granting of the license to him, on account of his immorality or other unfitness. Upon a reasonable interpretation of this provision of the statute, it is manifest that its purpose was to authorize a voter, by a remonstrance in writing, duly filed before the board of commissioners, to make himself an adverse party to the petitioner in the proceedings instituted by the latter to ob-

Castle *v.* Bell *et al.*

tain a license. The remonstrator is thereby given a standing in court in like manner as any other adverse party in an action, and entitled, upon the hearing of the cause, under the charges in his remonstrance, to expose by competent evidence the unfitness of the applicant to be intrusted with the license which he seeks to obtain, and to resist the granting thereof, by interposing all legitimate and proper objections to the proceeding. See *Miller* v. *Wade*, 58 Ind. 91; *Ex parte Miller*, 98 Ind. 451. Having this right to remonstrate for cause under the statute, and to oppose the application, we are of the opinion, that it may be exercised through the agency of a duly authorized attorney. In fact, it may be said that a proceeding instituted to obtain a license to retail liquors, under the act of 1875, is in its nature a civil action, within the meaning of section 973, R. S. 1894 (section 961, R. S. 1881), which provides that a civil action may be prosecuted or defended by a party in person or by attorney. In the case at bar the appearance by Rabourn, as attorney for the remonstrators, was *prima facie* evidence of his authority to appear for them. Weeks Attorneys, section 326. His authority to sign the names of the appellees to the remonstrance and to appear for them, as their attorney, might have been, at the proper time, called in question by the appellant, and proof of this, warrant for so doing required. Section 970, R. S. 1881 (section 982, R. S. 1894); *Indiana, etc., R. W. Co.* v. *Maddy*, 103 Ind. 200. The court did not err in overruling the motion to reject the remonstrance.

Judgment affirmed.

McCabe, J., was absent.