Head *et al. v.* Doehleman.

HEAD ET AL. *v.* DOEHLEMAN.

[No. 18,209.   Filed March 16, 1897.   Rehearing denied May 25, 1897.]

APPEAL AND ERROR.—*Demurrer not in Record.*—Where a demurrer does not appear in the record, no question affecting the pleading to which the demurrer was addressed can be considered on appeal. *p. 146.*

INTOXICATING LIQUORS.—*Remonstrance.—Sufficiency Of.*—Under section 9, of the act of March 11, 1895, providing for a remonstrance against the granting of a license, by the board of county commissioners, to an applicant for the sale of intoxicating liquors, it is not necessary that it be set forth in the body of the remonstrance that the remonstrators are legal voters, and constitute a majority of the legal voters of the township or ward as determined by the number of votes cast at the last preceding election. *pp. 146–148.*

SAME.— *Remonstrance.— Pleading.*— Since the only pleading authorized on behalf of the remonstrators against the granting of a license to sell intoxicating liquors is a remonstrance which must be filed with the board of county commissioners, it is not error to sustain a demurrer to an answer filed by the remonstrators after the case has been appealed to the circuit court. *pp. 148, 149.*

BOARD OF COUNTY COMMISSIONERS.—*Appeal From.*—Appeals from a board of county commissioners to the circuit court stand for trial *de novo*, and suspend all proceedings had upon the questions in issue before the commissioners, which proceedings cannot be taken into consideration upon the trial in the circuit court. *p. 149.*

| | |
|---|---|
| 148 | 145 |
| 150 | 377 |
| 152 | 556 |

| | |
|---|---|
| 148 | 145 |
| f154 | 123 |
| 155 | 17 |
| 155 | 656 |
| 156 | 16 |
| 156 | 509 |

| | |
|---|---|
| 148 | 145 |
| 157 | 367 |

| | |
|---|---|
| 148 | 145 |
| 167 | 30 |
| 168 | 563 |

| | |
|---|---|
| 148 | 145 |
| f169 | 515 |

| | |
|---|---|
| 148 | 145 |
| 171 | 61 |

From the Boone Circuit Court.   *Affirmed.*

*Jesse Smith, J. A. Abbott* and *B. F. Ratcliff*, for appellants.

MCCABE, J.—The appellee applied to the board of commissioners of Boone county for a license to sell intoxicating liquors in a less quantity than a quart at a time, at their September term for 1895. The appellants were remonstrators. The board refused to grant the license because the remonstrators constituted a

majority of the legal voters of the township, and the applicant appealed to the circuit court, wherein a trial resulted in a finding in favor of applicant, whereon a judgment was rendered granting the appellee a license.

The first question sought to be presented by the assignment of error in appellants' brief is upon the action of the circuit court in sustaining the appellee's demurrer to the appellants' remonstrance. The demurrer, however, is not in the record, and therefore we cannot know, only from the statement of counsel, what one of the six grounds of demurrer it assigned, or what question it raised. Under such circumstances it has been adjudged by this court that no question affecting the complaint or other pleading to which the demurrer is addressed can arise upon such ruling. *Sharpe* v. *Dillman,* 77 Ind. 280; *Aydelott* v. *Collings,* 144 Ind. 602.

The next question thus presented is predicated on the action of the circuit court in overruling appellants' motion asking leave to amend their remonstrance "so as to show and allege that the remonstrators were legal voters of Eagle township, Boone county, Indiana, and that they constitute a majority of the legal voters of said township as determined by the number of votes cast at the last preceding election in said township for the highest office voted for at said election." The remonstrance as filed before the board of commissioners read thus: "We the undersigned residents and voters of Eagle township, Boone county, Indiana, do hereby remonstrate against the granting of license to George Doehleman to sell intoxicating, spirituous, vinous or malt liquors in less quantities than a quart at a time with the privilege of allowing the same to be drank on the premises in said township." This remonstrance was filed under the 9th section of

the act approved March 11, 1895, commonly called the "Nicholson Law." That section provides that: "If, three days before any regular session of the board of commissioners of any county a remonstrance in writing, signed by a majority of the legal voters of any township, etc., * * * * shall be filed with the auditor of the county against the granting of a license to any applicant for the sale, etc., * * * * it shall be unlawful thereafter for such board of commissioners to grant such license," etc. Acts 1895, p. 251.

This section does not prescribe what the form or language of the remonstrance shall be, nor what its allegations shall be. It does require that the remonstrance shall be against the granting of the license, and that it shall be signed by a majority of the legal voters of the township or ward. But it does not require the body of the remonstrance to state that fact, or that they are legal voters of the township or ward. A petition for the establishment of a highway must, in order to confer jurisdiction on the board of commissioners under the statute, be signed at least by twelve freeholders of the county. But that fact, that is, that they are freeholders and residents of the county, need not be stated in the petition. *Little* v. *Thompson*, 24 Ind. 146. In the very nature of things such a statement in the remonstrance was never contemplated, because, no remonstrator, when called on to sign such a remonstrance, can know that when his name is signed it contains the names of a majority of the legal voters of the township or ward. Besides, it has been held by this court that the remonstrance may be on separate papers, each one of which may be signed by different remonstrators, and when they are all filed may be treated as one remonstrance. *Wilson* v. *Mathis*, 145 Ind. 493.

Certainly it never was contemplated that each re-

monstrator should know that himself and those on the paper at the time he signs it constitute a majority of the legal voters of the township or ward, and hence the statute does not require him to sign a statement the truth of which he knows nothing about. But doubtless the statute contemplates proof of that fact, just as in highway petitions. And likewise proof must be made that each person signing the remonstrance is a legal voter of the township or ward. It is not necessary that we decide whether the remonstrance in this case should have stated that the signers thereof were all legal voters of the township or not. It would seem that that was not contemplated by the statute as a matter of pleading, because that would require that each signer should state, over his signature, that all the other signers were legal voters of the township or ward, whereas he may not know whether they are or not, or he may not know who is to sign after him. But here it is stated in the remonstrance that the remonstrators are all residents of the township, and voters. If the statute even contemplates that it should be stated that they were legal voters of the township or ward, the statement in the remonstrance is sufficient to comply with the rules of pleading before the board of commissioners. The fact that the remonstrators are all legal voters of the township is fairly implied from the statement in the remonstrance. The same degree of strictness in pleading is not required in courts of county commissioners as in courts of general superior jurisdiction. *Board, etc.,* v. *Adams,* 76 Ind. 504; *Board, etc.,* v. *Hon,* 87 Ind. 356; *Board, etc.,* v. *Ritter,* 90 Ind. 362; *Duncan* v. *Board, etc.,* 101 Ind. 403, 404. We therefore hold that the remonstrance was sufficient, and that there was no error in refusing leave to amend it.

The next error complained of is predicated on the

action of the circuit court in sustaining appellee's demurrer to appellants' plea or answer filed in the circuit court. Such alleged error is wholly unavailable for many reasons. First. The only pleading authorized in such a case is a remonstrance on account of immorality or other unfitness as provided in the original liquor law of 1875, section 7278, Burns' R. S. 1894 (5314, R. S. 1881), or, on account of a majority of the legal voters of the township being opposed to the granting of such license as provided by the "Nicholson Law." And such pleading or remonstrance must be filed in the commissioners' court, and cannot be filed for the first time in the circuit court on appeal, though it may be amended on such appeal. *Ex parte Miller*, 98 Ind. 451, 452; *Miller* v. *Wade*, 58 Ind. 91; *List* v. *Padgett*, 96 Ind. 126; *Fletcher* v. *Crist*, 139 Ind. 121-124. Second. The alleged plea or answer simply set up and plead the proceedings and judgment of the board of commissioners in refusing the appellee's license as a reason why the circuit court on appeal could not grant such license, and wound up with a prayer that the appeal to the circuit court be dismissed.

Appeals from the board of commissioners to the circuit court stand for trial *de novo* in that court. Such appeals suspend all the proceedings had upon questions in issue before the commissioners, and they can not either be used or taken into consideration upon the trial in the circuit court. *Corey* v. *Swagger*, 74 Ind. 211; *Grimwood* v. *Macke*, 79 Ind. 100; *Cox* v. *Lindley*, 80 Ind. 327; *Coolman* v. *Fleming*, 82 Ind. 117; *Green* v. *Elliott*, 86 Ind. 53; *Irwin* v. *Lowe*, 89 Ind. 540; *Meehan* v. *Wiles*, 93 Ind. 52; *Denny* v. *Bush*, 95 Ind. 315; *Burns* v. *Simmons*, 101 Ind. 557; *Freshour* v. *Logansport Turnpike, etc., Co.*, 104 Ind. 463; *Reynolds* v. *Shults*, 106 Ind. 291; *Black* v. *Thomson*,

107 Ind. 162; *Hardy* v. *McKinney,* 107 Ind. 364; *Ford* v. *Ford,* 110 Ind. 89; *Hight* v. *Claman, Treas.,* 121 Ind. 447; *Stipp* v. *Claman, Treas.,* 123 Ind. 532; *Sharp* v. *Malia,* 124 Ind. 407; *Mills* v. *Hardy,* 128 Ind. 311; *Bachelor* v. *Cole,* 132 Ind. 143.

Therefore, there was no error in sustaining the demurrer to the plea or answer.

The other errors assigned that the court erred in rendering judgment on demurrer in favor of appellee, and against appellants, and in overruling appellants' motion for a new trial, are waived by appellants' failure to discuss them in their brief. We have not been favored with a brief on behalf of the appellee.

Judgment affirmed.