## MASON *v.* RATCLIFF ET AL.

[No. 3,849. Filed June 28, 1901.]

INTOXICATING LIQUORS.—*License.—Qualifications of Applicant.*—A judgment of the circuit court affirming the action of the board of county commissioners in refusing to grant a license to sell intoxicating liquors will be affirmed on appeal where the record does not disclose that there was any evidence that the applicant was within the statutory requirements as to age, character, and residence, etc.

From Howard Circuit Court; *W. W. Mount,* Judge.

Application by John R. Mason to sell intoxicating liquors. From a judgment of the circuit court affirming the order of the board of county commissioners refusing the license, the applicant appeals. *Affirmed.*

*J. Claybaugh, N. P. Claybaugh, B. F. Harness, W. R. Voorhis* and *J. W. Cooper,* for appellant.

*L. J. Kirkpatrick, J. F. Morrison* and *T. C. McReynolds,* for appellees.

ROBINSON, J.—Appellant gave the statutory notice that he would apply to the board of commissioners of Howard county at its June term, 1899, for a license to sell liquors in the town of Russiaville, in Honey Creek township, in that county. On June 1, 1899, a remonstrance, purporting to be signed by a majority of the legal voters of the township, and remonstrating against the granting of a license to appellant, was filed in the auditor's office, and remained on file. Appellant made no application at the June term. He then gave notice that he would apply at the July term, 1899, and on July 3rd he filed with the auditor his application. Under a rule of the board requiring that an application for license must be filed at least ten days before the first day of any regular session of the board, the application was continued until the August term. August 3, 1899, a remonstrance purporting to be signed by a majority of the voters

of the township was filed. At the August term the board refused the application, an appeal was taken, and from a judgment of the Howard Circuit Court in favor of the remonstrants this appeal is prosecuted. Overruling the motion for a new trial is the only error assigned. A new trial was asked on the ground that the decision of the court is not sustained by sufficient evidence and is contrary to the evidence and law.

Aside from any questions raised by the remonstrances, and which are argued by counsel, appellant's motion for a new trial was properly overruled. Counsel seem to have overlooked the fact that the bill of exceptions contains no evidence whatever that appellant is such a person as the statute says may receive a license. The burden was upon him to show, before he could obtain a license, that he was within the statutory requirements as to age, character, residence, and the like. The record contains no evidence whatever upon these matters. Leaving out of consideration the remonstrances, the trial court must necessarily have found against appellant because there is no evidence authorizing the court to grant his application. See *Castle* v. *Bell,* 145 Ind. 8.

Judgment affirmed.