# IN RE APPLICATION OF ARSZMAN.

[No. 6,100. · Filed June 18, 1907.]

1. INTOXICATING LIQUORS. — *Applications for License.* — *Amici Curiae.*—An application for a liquor license constitutes a judicial proceeding; and the court may authorize the appearance of *amici curiae*, but such persons have no right to take an exception to the ruling of the court. p. 221.

2. SAME.—*Municipal Corporations.—Park Boards.—Ordinances.— Prohibiting Saloons from Vicinities of Parks.*—Under §3570 Burns 1905, Acts 1905, pp. 219, 327, §146, giving city park commissioners the power, by general ordinance, to forbid "horse-

racing, gambling, offensive or dangerous business or amusement within 500 feet" of any park, such commissioners may prohibit the saloon business within such limits. p. 221.

3. INTOXICATING LIQUORS.—*Dangerous Character of Business.*— The operation of a saloon is dangerous to public morals. p. 222.

4. SAME.—*Application for License.—Burden of Proof.*—The burden of proving that the applicant for a liquor license is moral and fit to be entrusted with the sale of liquor is upon such applicant, whether any remonstrance is filed or not. p. 222.

5. SAME.—*Applicant for License.—Moral Character.—Crimes Committed.*—An applicant for a license to sell liquors, who has been theretofore found guilty of selling without a license, may be refused a license. p. 222.

From Marion Circuit Court (14,521); *Henry Clay Allen,* Judge.

Application by Henry J. Arszman for license to sell intoxicating liquor. From an order denying same, the applicant appeals. *Affirmed.*

*J. E. Bell,* for the applicant.

*C. S. Denny* and *Eli F. Ritter, amici curiae.*

COMSTOCK, C. J.—The Board of Commissioners of the County of Marion denied an application made by Henry J. Arszman, appellant, for license to sell intoxicating liquors in the city of Indianapolis, Indiana. He appealed to the Marion Circuit Court, in which court the application was denied. No remonstrance was filed at any time against the granting of said license, either before the Board of Commissioners of the County of Marion or in the Marion Circuit Court. Over the objection of counsel for applicant, the circuit court permitted Eli F. Ritter and Caleb S. Denny to appear as friends of the court, to examine witnesses. Upon the trial the applicant introduced in evidence all proceedings and papers filed with the board of commissioners, consisting of the original application for license, the notice published in the newspaper, the proof of publication, and the applicant's bond approved by the auditor of Marion county. The applicant testified that he was forty-eight years of age, had been a resident and citizen of the city of Indianapolis,

Center township, Marion county, Indiana, for twenty-three years; that he does not become intoxicated, and had been engaged in business as a collector for different breweries in the city of Indianapolis for a number of years. Other witnesses testified that the applicant was a man of good moral character and not in the habit of becoming intoxicated. Eli F. Ritter introduced in evidence, general park ordinance number one, ordained by the board of park commissioners of the city of Indianapolis, Indiana, as follows:

"To whom it may concern: That hereafter no saloon or other dangerous or offensive business or amusement shall be established or started within five hundred feet of any boulevard, park, or parkway, or either of them, located within the city of Indianapolis, Indiana. Nothing in this order shall affect or forbid any lawful business now conducted and established within said distance of any such boulevard, park or parkway."

This was admitted over the objection of applicant, and his motion to strike it out was overruled. On August 4, 1904, after a county license had been granted to appellant, the park board sent to the Board of Commissioners of the County of Marion, a copy of said general order number one, and notice of its adoption. Appellant's place of business was located a distance of eighty feet, immediately across the street from Military park. There are four other saloons located immediately across the street from said Military park. Immediately after the county license was granted, appellant paid to the treasurer of Indianapolis the city license fee, and the city accepted and retained the fee, but refused to issue a license. The appellant having paid the city license fee, and the county license having been issued, he was allowed by the city officers to operate until his case, involving the question of the park order and the issuing of a city license, could be tried in the police court. Upon the trial of appellant in the Superior Court of Marion county judgment for $10 was rendered against him

for not having a city license to sell liquor as required by the city ordinance of Indianapolis.

The overruling of appellant's motion for a new trial is assigned as error. The reasons for a new trial question the action of the court in permitting Eli F. Ritter to appear and examine witnesses, over the objection of appellant, when no remonstrance had been filed against the granting of a license, and in admitting in evidence, over the objection of appellant, general order number one of the board of park commissioners, when no remonstrance had been filed against the granting of the license and no pleading filed tendering an issue under which said park order would be admissible. Other reasons questioning the admissibility of such order and its validity are also set out, but they all present the same question.

Taking up these grounds for a new trial, in the order above stated: The application in question was a judicial proceeding, either with or without a remonstrance.

1. A court may in any judicial proceeding authorize the appearance of an *amicus curiae,* but such person has no right to take an exception to the ruling of the court. *Irwin.* v. *Armuth* (1891), 129 Ind. 340; *Campbell* v. *Swasey* (1859), 12 Ind. 70; *Hust* v. *Conn* (1859), 12 Ind. 257. "They have been permitted to make argument." *Ex parte Yeager* (1854), 11 Gratt. (Va.) 655; *Ex parte Randolph* (1833), 2 Brock. (U. S.) 447, 461, Fed. Cas. No. 11,558.

Section 146 of the act of 1905 (Acts 1905, pp. 219, 327, §3570 Burns 1905) in defining the powers of park commissioners, among other provisions, contains the following:

2. "And the board shall also have power to forbid by general order or rules and to abate any horseracing, gambling, offensive or dangerous business or amusement within five hundred feet of any such boulevard, park or parkway," etc. That the park board had authority under the statute to make the order is clear. *City of Green-*

*castle* v. *Thompson* (1907), 168 Ind. 493, and cases cited. The building in which appellant proposed, in his application, to carry on a saloon is within eighty feet of Military park, a public park of said city, intended as a resort for the health, relaxation and pleasure of men, women and children. For such use it should be free from unfriendly environments.

It is matter of common knowledge that the sights and incidents in and about such places, despite the efforts of those licensed to conduct them, are often offensive, even to the casual observer. Women and children should not be made familiar with spectacles that at first shock their sensibility. In the provision before us the legislature acted with the view to the public welfare, and said order of the park board, based upon the act of the legislature, applies to the case at bar. Upon this view of the law the judgment of the trial court should be affirmed.

It may be sustained, too, upon another ground. It devolved upon the appellant to prove the averments of his application—his age, residence, moral character, fitness, etc. (§§7279, 7283a Burns 1901, §5315 R. S. 1881, Acts 1895, p. 248, §3), and this, whether the remonstrance was or was not filed. *Castle* v. *Bell* (1896), 145 Ind. 8.

It was in evidence that the applicant had been fined for selling liquor without a city license, as hereinbefore stated. We cannot say that this was not evidence to sustain the judgment of the court.

Judgment affirmed.