## The State of Indiana *v.* Gorman.

[No. 21,343.   Filed October 13, 1908.]

1. Intoxicating Liquors.—*License.*—*Boards of Commissioners.*—*Judicial Acts.*—*Action.*—An application under the statute for a liquor license constitutes a civil action, and the board of commissioners in granting or refusing same acts judicially.   p. 61.

2. Same.—*Remonstrance.*—*Appeal.*—*Parties.*—Legal voters have the right to remonstrate against the granting of a liquor license,

but they cannot become parties for the first time on appeal to the circuit court.  p. 61.

3.  INTOXICATING LIQUORS. — *Parties.* — *State.—Attorney-General.*— The State of Indiana cannot, through its Attorney-General or otherwise, become a party to an application for a liquor license. p. 62.

4.  SAME.—*Court's Right to Call Witnesses.—Amici Curiae.*—On the hearing of an application for a liquor license, the board of commissioners, as well as the judge hearing same, has the right to call witnesses, and also to admit *amici curiae* to assist in the administration of justice in the case.  p. 65.

From Howard Superior Court; *P. H. Elliott,* Judge.

Application by Thomas B. Gorman for liquor license, The State of Indiana petitioning to be made a party.  From an order granting the license and denying the petition, the State appeals.  *Appeal dismissed.*

*James Bingham,* Attorney-General, *E. M. White, W. H. Thompson, A. G. Cavins, Conrad Wolf, J. C. Blacklidge* and *Earl B. Barnes,* for the State.

*Joseph C. Herron,* for appellee.

JORDAN, J.—Appellee in this case applied to the Board of Commissioners of the County of Howard, at its regular October session, 1907, for a license to retail intoxicating liquors in the city of Kokomo.  The application was made under and in compliance with the provisions of a statute of this State authorizing boards of commissioners to grant a license for the retail of intoxicating liquors.  Acts 1895, p. 248, §1, §8324 Burns 1908.  No remonstrance against granting a license was filed in the proceedings before the board of commissioners.  The latter tribunal, after hearing the evidence upon the application, found adversely to the applicant, and refused to grant him a license.  From this decision of the board he appealed to the Howard Superior Court, wherein the case was docketed for trial *de novo* as an *ex parte* proceeding.  After the cause had reached the Howard Superior Court, the Attorney-General filed an application in said superior court, seeking thereby to have the State

made a party defendant in said cause. Omitting the formal parts, his application is as follows:

"Comes now The State of Indiana, by its Attorney-General, James Bingham, and respectfully moves that The State of Indiana be recognized as a party defendant in this cause and be permitted to defend this case, and that the State be accorded all the rights of a party defendant, and be allowed and permitted to file all proper pleadings as defendant, to make all motions and objections necessary in that behalf, and to take exceptions to all rulings of the court that may be right and proper to be taken upon behalf of the defendant for the following reasons, to wit: That in this cause the people of the State of Indiana are interested in the granting or refusing of license, and 'for that reason have a right, by and through the State of Indiana, to exercise all the rights of a party hereto. And said State of Indiana does tender herewith its answer to said application of the applicant herein, and prays that the same be filed and become a part of the record of this cause. Wherefore, The State of Indiana moves that it be recognized as a party defendant," etc. Signed: "The State of Indiana, by James Bingham, Attorney-General."

Upon the objections of the applicant, the court denied this application, and also overruled the Attorney-General's demand to appear in said cause as a matter of right, and to produce and examine witnesses in opposition to the application, and to cross-examine the witnesses who testified on behalf of the applicant; to all of which rulings and decisions of the court the State, through the Attorney-General, excepted. Upon the trial, at the conclusion of the evidence given on the part of witnesses produced by the applicant, and also of those called and examined on the court's motion, the State produced certain witnesses and demanded the right to introduce and examine them in opposition to the application. This demand the court also overruled, to which ruling the State through its Attorney-General, excepted, the

court holding, as the bill of exceptions recites, that the State was not in any sense a party to the proceeding, and had no right under the law to produce witnesses and examine them, or to take any part in the cause by and through its Attorney-General, or in any manner as a party interested in the result of the cause. The court, after hearing the evidence given in the cause, found that the applicant was a fit person to be intrusted with a license, etc., and, over the motion of the State for a new trial, assigning therein the statutory reasons as well as others, rendered a judgment awarding the applicant a license to sell intoxicating liquors, as prescribed by the statute. From this judgment the State appeals, and assigns various errors in respect to the rulings of the trial court.

An application under the statute to obtain a license to sell intoxicating liquors is a statutory civil proceeding, and in the determination of the questions there involved the

1. board of commissioners, either with or without a remonstrance, acts judicially, and does not, as the Attorney-General insists, act in the capacity of an agent of the State. *List* v. *Padgett* (1884), 96 Ind. 126; *Castle* v. *Bell* (1896), 145 Ind. 8; *In re Arszman* (1907), 40 Ind. App. 218.

Certain provisions of the statute authorize a legal voter to become an adverse party to such a proceeding by signing and filing a remonstrance, as provided and required

2. by the statute; but no person can become a party as a remonstrant under the statute in such cases by filing a remonstrance for the first time after an appeal has been taken to the circuit court from the decision of the board of commissioners. *Miller* v. *Wade* (1877), 58 Ind. 91; *List* v. *Padgett, supra; Ex parte Miller* (1884), 98 Ind. 451; *Head* v. *Doehleman* (1897), 148 Ind. 145.

This court, in *List* v. *Padgett, supra,* affirmed that a voter who remonstrates exercises thereby a personal privilege. "He does not represent the public or any portion of the

community except himself. * * * Whatever personal interest this privilege may be supposed to subserve, no one, in the eye of the law, has any sufficient interest. or recognizable motive upon which to base such a privilege, unless he has the qualification of being a voter of the township."

In *Castle* v. *Bell, supra,* this court said: "When a person becomes a petitioner for a license to sell intoxicating liquors, under the act of 1875, the burden is cast upon him to prove, both before the commissioners and in the circuit court, in the event of an appeal, that he is not in the habit of becoming intoxicated, and is otherwise, under the law, a fit person to be intrusted with a license to sell such liquors. * * * This onus rests upon the applicant, and such proof is required of him before he can obtain a license, without regard to the fact that a remonstrance as to his unfitness has or has not been interposed to the granting thereof."

But, notwithstanding these well-settled propositions, the Attorney-General, in an elaborate argument, contends that in an application for a license to sell intoxicating 3. liquors under the statute, in which no remonstrance has been filed, the board of commissioners, in hearing such application, sits in an administrative capacity; that the board, in such case, acts as the agent of the State, and represents the people as a whole. It is insisted that The State of Indiana, as a state, has such an interest in a proceeding for a license to sell intoxicating liquors as will entitle it to become a party defendant on its application and to be recognized as such by the board of commissioners in the first instance, and by the circuit court on appeal from the judgment of the board. The argument is even advanced to the extent of asserting that, in an appeal in such cases from the board of commissioners to the circuit court, the latter court owes it as a duty to the State to direct its clerk at once to notify the Attorney-General of the pendency of the action. The judgment of the court in such a case, either in granting or refusing a license, cannot in a legal sense result

as a detriment to the State as an artificial person.    The Attorney-General refers in his brief to §9269 Burns 1908, Acts 1889, p. 124, §4, and claims that thereunder, when an appeal is taken to the circuit court from the decision of the board of commissioners in a liquor license proceeding, the first duty of the court is to require that the Attorney-General shall be notified of the pendency of the action, in order that this official may appear and see that the State is properly represented and has a fair trial.    It is too plain for argument that this provision of the statute lends no support to the contention of the Attorney-General.    This statute neither expressly nor impliedly invests the State with any right or authority, either with or without notice, to appear, through its Attorney-General, and contest the granting of a liquor license in a proceeding for that purpose.    It will be noted that the section in question provides that the Attorney-General "shall prosecute and defend all suits that may be instituted by or against The State of Indiana, the prosecution and defense of which is not otherwise provided for by law, whenever he shall have been given ten days' notice of the pendency thereof by the clerk of the court in which such suits are pending."

But a proceeding to obtain a license under the statute is neither a suit by nor against The State of Indiana.    As affirmed by the authorities cited, it is a civil statutory proceeding.    The defense or opposition to such an application is authorized by the statute only by way of remonstrance upon the part of the voters.    Had the legislature deemed it necessary and proper to have The State of Indiana appear as a defendant in such a case, it would undoubtedly have granted such authority by a positive enactment to that effect.    But under the law as it now exists the court has no power or authority to admit the State of Indiana, or its Attorney-General, as a party defendant in a proceeding like the one at bar.

In *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, we

said: "A court is a creature of the law, instituted for the determination of questions of law and fact under defined restrictions and limitations. The territorial limits of its power, the subjects and classes over which its power may be exercised, the terms upon which it may put its power into action, are as firmly and clearly established as the right to adjudicate when authorized to do so; and, though a court of general jurisdiction, it must proceed in the manner and upon the conditions imposed by the law, and an assumption of jurisdiction over a subject or a person, upon terms denied by the law, is as unwarranted and futile as the assumption of jurisdiction without its territorial limits. A departure from the limits and terms of jurisdiction is usurpation of power that imparts no validity whatever to its judgments and decrees."

It is argued that the State has such an interest in the welfare of all its citizens as will entitle it to appear and become a party defendant, and oppose the granting of a license to retail intoxicating liquors, in a proceeding under the statute for that purpose. There is no merit or force in such argument. It may truly be said that the State, in its governmental capacity, has such an interest in the welfare of its citizens as will prompt it, through its legislative department, to enact all constitutional laws necessary to protect the lives, property, morals and health of its citizens in general, and also in coercing respect and obedience to such laws when enacted. But such interest alone, in the absence of authority granted by the legislature, does not invest or give the State the right to appear as a party litigant and contest the granting of a license to an applicant to retail intoxicating liquors. It has been well said by Mr. Justice Brewer, in the appeal of *Missouri, etc., R. Co.* v. *Missouri R., etc., Comm.* (1901), 183 U. S. 53, 60, 22 Sup. Ct. 18, 46 L. Ed. 78: "It is true that the state has a governmental interest in the welfare of all its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with

State v. Gorman—171 Ind. 58.

all its laws. But such general governmental interest is not that which makes the state, as an organized political community, a party in interest in the litigation, for if that were so the state would be a party in interest in all litigation; because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the state, either statute or common." *Parker* v. *State, ex rel.* (1892), 133 Ind. 178, 18 L. R. A. 567, was a suit to test the constitutional validity of the apportionment statute of 1879. In that appeal the right of the Attorney-General to petition for a rehearing was denied, over the claim of that officer that a great public interest was involved in the action.

By what we have said in this opinion we are not to be understood as denying the right either of the board of commissioners or the court on appeal, in an *ex parte* proceeding to secure a license to retail intoxicating liquors, to call, on its own motion, some particular witnesses and examine them, or cause them to be examined, in regard to the fitness of the applicant to be intrusted, under the law, with a license. In the appeal of *In re Arszman, supra,* the right of the court in such a proceeding, if it deems it necessary, to authorize the appearance of an *amicus curiae* is upheld. The rights and powers of an *amicus curiae,* however, are well settled by the decisions in this jurisdiction. The effort of the Attorney-General to thrust forward the State as the real appellant in this case finds no warrant under the law. In so doing he has placed himself in the position of one who attempts to act as an agent without having any principal behind him. Neither he, in his official capacity, nor the State can be said to have any legal standing in this case.

Appeal dismissed.