STATE OF MISSOURI, Respondent, *vs.* NICK D. WYL, Appellant.

1. *Dram-shop licenses—Where wine may be sold without paying license—Const. Stat.*—Under the statute (Wagn. Stat., 1872, p. 554, § 29,) there can be but one place where it is lawful to sell wine without first obtaining a license for that purpose, and that is on the premises where it is produced or manufactured.

*Appeal from Cole Circuit Court.*

*Lay & Belch,* for Appellant.

*H. Clay Ewing, Att'y Gen'l,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an indictment against the defendant for selling wine and beer without a license. A jury being waived, there was a trial before the court, and the evidence showed, that defendant had, at different times, and to different persons, sold wine of his own production and manufacture, without having any license authorizing him to sell; that the wine was manufactured or produced from grapes grown by defendant in Cole county, a short distance from Jefferson City where it was sold; that defendant had a house of his own in Jefferson City, not connected with his vineyard or place where the wine was manufactured, and that there he sold the wine, but no other liquors, and that some of the wine after its removal to Jefferson City went through a second fermentation. This was all the evidence in the case.

For the State a declaration of law was given, that although the court might believe that defendant sold only wine of his own growing and production, yet if it should further believe from the evidence that the premises, upon which the sales were made, were not the same where the wine sold was either manufactured or produced, then the defendant should be found guilty.

The court refused an instruction which was mainly the converse of the one above given, which was asked by the defendant, and then rendered judgment for plaintiff.

The decision must be governed by construing the act of

1871, (1 Wagn. Stat., p. 554, § 29, Ed. of 1872,) which provides that "no person not having a license as dram-shop keeper shall, directly or indirectly, sell beer, cider and native wine, the latter the growth and manufacture of this State, in less quantities than one gallon, without taking out a license as wine and beer-house keeper; *provided, however*, that this section shall not be construed as authorizing a license to be levied upon, and collected from, any wine grower for selling wine of his own production, in any quantity, on his own premises."

By the word "premises" in the section is undoubtedly intended the place where the wine was produced or manufactured. The premises for production or manufacture need not necessarily be in or upon the vineyard where the grapes are grown. A man may well have his vineyard at one place, and his wine cellar and appliances for making and producing wine at another, and this last place, where the wine was actually made and stored, would be, I think, the premises contemplated by the law. That he could sell there without a license, cannot be for a moment doubted. But if, in addition to this, he could bring his wine into town and sell it out he would be allowed the privilege of selling in two places, and if he can sell in two he can sell in a dozen, and thus he might sell wine all over the county, if he happened to own property in different townships, and call it selling on his premises.

The law was not designed to have this unrestricted scope and operation. Under such a construction houses might be established and multiplied in every direction, and the owners would neither contribute to the revenue, nor be under any of the salutary restraints imposed by the law in reference to wine and beer houses.

In my judgment there can be but one place where it is lawful to sell wine without first obtaining a license for that purpose, and that is on the premises where it is produced or manufactured. Under the instruction the court must have found that the wine was sold at a place other than where it was produced or manufactured, and that finding is final on us.

As to some of the wine fermenting after it was removed to town, we regard that a matter of no importance in the case. It is well known that native wine ferments at certain periods for years after it is manufactured, and the fermentation would have been just the same had it been produced and sold in the market to any other person.

The judgment should be affirmed. The other judges concur.