Grummon v. Holmes et al.

No. 8196.

GRUMMON v. HOLMES ET AL.

LIQUOR LAW.—License.—Immorality.—Remonstrance.—Statute Construed. —Case Overruled.—Other species of immorality than the habit of becoming intoxicated may be made the ground of a remonstrance against an applicant for license to sell intoxicating liquors, under section 3 of the liquor law of 1875, 1 R. S. 1876, p. 869, when properly set forth in such remonstrance.  Calder v. Sheppard, 61 Ind. 219, on this point overruled.  WORDEN, J., dissents.

SAME.—Remonstrance must Particularize Immorality or Unfitness of Applicant.—A remonstrance on the ground of the immorality of an applicant for license to sell intoxicating liquors, or of his unfitness otherwise to be entrusted with the sale thereof, must set forth the particulars of the immorality imputed to him, or of his unfitness otherwise, with such reasonable degree of certainty as will advise him of the nature of the charge against him.

From the Randolph Circuit Court.

*J. N. Templer* and *R. S. Gregory*, for appellant.

*J. W. Headington* and *J. M. Haynes*, for appellees.

WORDEN, J.—The appellant filed his petition, before the board of commissioners of Jay county, for a license to sell intoxicating liquors by a less quantity than a quart.  The appellees filed the following remonstrance, viz. :

"To the Honorable Board of Commissioners of Jay County:

"The undersigned voters of Wayne township, Jay county, Indiana, would respectfully remonstrate against the granting of a license to Ichabod H. Grummon to sell intoxicating liquor in the town of Portland, in said township, in less quantities than a quart at a time, on account of immorality and other unfitness.

(Signed)  "L. L. HOLMES," and others.

The board of commissioners refused the license, and the appellant herein appealed to the Jay Circuit Court, from which the cause was taken, by change of venue, to the Randolph Circuit Court.  In the latter court the appellant moved that the remonstrance be made more specific as to the unfit-

ness and immorality charged; but the motion seems to have been overruled as to the immorality charged, but was sustained as to the words "other unfitness;" and they were struck out. The appellant also filed a demurrer to the remonstrance, for want of sufficient facts, but it was overruled.

The cause was submitted to a jury for trial, who returned the following general verdict, with the appended answers to interrogatories:

"We, the jury, find in favor of the defendants.

"1st. When Ichabod H. Grummon, the appellant, applied for license in this case, was he, and has he ever since (been), and is he now, a male inhabitant of the town of Portland, in Wayne township, Jay county, Indiana, over the age of twenty-one years? Ans. Yes.

"2d. Was he when he made said application, and has he ever since been, and is he now, a person in the habit of becoming intoxicated? Ans. No.

"3d. Was he when he made his said application, has he ever since been, and is he now, a sober and moral man? Ans. Sober, but not moral.

"4th. Is he a person of sound mind? Ans. Yes."

The appellant moved for judgment in his favor on the answers to the interrogatories, notwithstanding the general verdict; but the motion was overruled, and judgment rendered for the remonstrants. Exceptions were duly preserved to the various rulings.

Errors are assigned which bring in review the rulings above mentioned. The first question which naturally presents itself is that arising on the motion of the appellant for judgment in his favor, on the answers to interrogatories, notwithstanding the general verdict; for, if this point should be decided in favor of the appellant, it would be unnecessary and useless, for the purposes of the case, to go back of it and consider the questions previously raised. In what I say upon this point, I am speaking for myself only, as a member

of the court, and not for the court. I am of opinion that the court below erred in overruling the appellant's motion for judgment *non obstante*. The statute provides on what ground voters may remonstrate, as follows: "And it shall be the privilege of any voter of said township to remonstrate in writing against the granting of such license to any applicant on account of immorality or other unfitness, as is specified in this act." 1 R. S. 1876, p. 870, sec. 3.

The first proviso to the 4th section of the act is as follows: "*Provided*, Said applicant be a fit person to be entrusted with the sale of intoxicating liquor, and if he be not in the habit of becoming intoxicated; but in no case shall a license be granted to a person in the habit of becoming intoxicated."

Now, the remonstrance specified no other unfitness than immorality, the words "other unfitness" having been struck out. The sole ground on which the remonstrance stood was the immorality supposed to be imputed by it to the appellant. It raised no question as to his fitness in other respects to be entrusted with the sale of intoxicating liquors. There may be an unfitness to be entrusted with the sale of intoxicating liquors arising otherwise than from immorality, but no charge of such unfitness is involved here.

This raises the inquiry, what kind or species of immorality can be made the ground of remonstrance? This question is answered by the statute itself, for, in its language, it is such only "as is specified in this act." Drunkenness, or, in the language of the statute, "the habit of becoming intoxicated," is the only kind of immorality specified in the act; and it follows that that habit is the only species of immorality that can be made the foundation of a remonstrance. This was substantially decided in the case of *Calder* v. *Sheppard*, 61 Ind. 219. This is not only in accordance with the letter of the statute, but is, in my opinion, a just and reasonable interpretation of it. I can not conceive that

the Legislature intended to make all the undefined or ill-defined and crude notions of immorality that may obtain in any community where a license may be applied for, the ground of remonstrance.   It was well enough said by the court below, in one of its charges to the jury, that "the word moral, when applied to human conduct and character, is not easily defined.   *   *   *   What one person would hold to be moral is condemned by another, and held to be immoral."   Some persons, it is believed, regard the liquor traffic as immoral, and, therefore, regard all persons engaged in it, or who desire to engage in it, as immoral.   The Christian regards it as immoral to break the first day of the week.   The Jew breaks it without scruple.   The Mohammedan abstains from wine, but he is guilty of other indulgencies that to him may seem innocent, but which to Christian minds appear to be grossly immoral.   Numerous illustrations might be given of the infinite diversity of human views on the subject of morals, but it is unnecessary.

With the door thrown open to remonstrance on the ground of immorality beyond what is prescribed by the statute, no standard of legal right upon this subject can be attained. Each application for a license would depend, for success, on the particular standard of morality erected by the  board of commissioners to whom the application is made, or the circuit court or jury, where the cause is appealed.   Hence the law, instead of being of uniform operation throughout the State, would be as diversified in its operation as are the moral views of the different bodies passing upon the question.

If it be said that this court can, on appeal, settle all questions as to morals arising under the law, and thus make the law of uniform operation throughout the State, I answer that this can only be done on the theory that this court will *make*, and not *declare* the law ; for there is no human law that can pronounce in all cases that *this* conduct is moral, and *that* immoral.

The Legislature may, doubtless, prescribe what shall be deemed such immorality as will disqualify a person to procure a license, but the courts can not add to what the Legislature has prescribed in this respect. It remains to apply these views to the case in hand. The answers to the interrogatories show that the appellant was a sober man, not in the habit of becoming intoxicated, but that he was not moral. These answers must be held to mean that his immorality consisted in something else than the habit of becoming intoxicated; otherwise they would be contradictory and unintelligible.

The jury have found, then, that the appellant was not guilty of the only species of immorality that could, as I think, be made the ground of remonstrance. Thus, the only issue raised by the remonstrance, as I think, was found for the appellant. Therefore I am of opinion that he was entitled to judgment, as before stated. But the majority of the court do not concur in this view of the question. It is the opinion of a majority of the court that other species of immorality than the habit of becoming intoxicated may be made the ground of remonstrance, when properly set forth therein, and that the court committed no error in overruling the appellant's motion for judgment *non obstante*. The majority are also of the opinion that the case of *Calder* v. *Sheppard*, *supra*, so far as it holds the contrary doctrine, ought to be overruled.

We come now to the ground upon which the case must be decided, in respect to which there is no disagreement. The court, we think, clearly erred in not requiring the remonstrants to make their remonstrance more certain and specific in reference to the immorality imputed to the appellant. Indeed, we think the court erred in not sustaining the demurrer to it. The remonstrants say that they remonstrate simply "on account of immorality." This may mean the immorality of the applicant or the immorality of the traffic.

A remonstrance on the ground of the immorality of the applicant, or of his unfitness otherwise to be entrusted with the sale of intoxicating liquors, ought to set forth the particulars of the immorality imputed to him, or of his unfitness otherwise, with such reasonable degree of certainty as will advise him of the nature of the charge against him, so that he may be able to meet it.

The judgment below is reversed, with costs, and the cause remanded with instructions to the court below to sustain the demurrer to the remonstrance.