Filed Nov. 26, 1884.

---

No. 11,733.

## Ex Parte Miller.

INTOXICATING LIQUOR.—*Application for License.*—*Description of Place of Sale.* —An application for license to sell intoxicating liquors, under the act of March 17th, 1875, which describes the place of sale as "the one-story frame building situated on the east sixty-six feet in length and twenty-five feet in width," of a town lot particularly described, is sufficient.

SAME.—*Adverse Party.*—*Appearance by Attorney Without Filing Remonstrance.* —To become an adverse party to such a proceeding, for the purpose of resisting the application, a remonstrance must be filed before the county board, and, if such be not filed, it is error, upon a consideration of the matter in the circuit court, to permit an unnamed party to appear by attorney and resist the application.

From the Lagrange Circuit Court.

*A. A. Chapin* and *O. L. Ballou*, for petitioner.

*J. B. Wade*, for remonstrants.

BICKNELL, C. C.—Miller applied to the county board under the act of March 17th, 1875, R. S. 1881, chap. 80, for a license to sell intoxicating liquors. In his petition and notice he described the premises in which the liquor was to be sold as follows:

" The precise location of the premises in which I desire to sell said liquors, and procure a license therefor, is the one-story frame building situated on the east sixty-six feet in length and twenty-five feet in width of the following described lands, to wit: Commencing at the southwest corner of lot number three (3), in block number twenty-eight (28), in the town of Lagrange, county of Lagrange and State of Indiana,

and running thence east on the south line of said lot seventy-two (72) feet; thence north twenty-five (25) feet; thence west seventy-two (72) feet; thence south twenty-five (25) feet, to the beginning."

The place of sale being described as the one-story frame building on the east sixty-six by twenty-five feet of a town lot, identified by its number and dimensions and boundaries, the description was sufficient. *Murphy* v. *Board, etc.*, 73 Ind. 483.

Miller having made proof of his petition and notice, and having filed his bond approved by the county auditor, the county board made the following order:

"And the board, after a careful examination of said copy of notice, find that it does not describe the precise location of the premises on which said applicant desires to sell intoxicating liquors, and to obtain a license therefor, and that they (the board) have no jurisdiction in said cause."

Miller offered to give evidence of his age, residence and fitness, but the court refused to receive it, and dismissed his application, at his costs. Miller appealed to the circuit court.

No remonstrance was filed before the county board; no remonstrance was filed in the circuit court. Ordinarily, none could be filed there. The mode provided by the statute for becoming an adverse party to such a proceeding, for the purpose of resisting the application, is by a remonstrance duly filed before the county board. *Miller* v. *Wade*, 58 Ind. 91. In this case, there being no such remonstrance, there was no adverse party who had the right to appear by attorney in the circuit court and cross-examine witnesses, or to produce and examine witnesses against the application.

The bill of exceptions shows that on the hearing in the circuit court an attorney of the court was permitted by the court, over the objection of the appellant, to cross-examine the appellant's witnesses, and that after the appellant had rested, having made out a *prima facie* case for the granting of the license, the same attorney was permitted by the court, over

the objection of the appellant, to introduce and examine witnesses for the purpose of defeating the application, there being no adverse party in whose behalf such witnesses could be properly demanded.

The court refused to grant the application, overruled the appellant's motion for a new trial, and rendered a judgment against him for costs, which was followed by the present appeal.

The action of the court in permitting unknown persons, not responsible upon the record, to appear by attorney and obtain the benefit of a remonstrance, so far as the hearing was concerned, when they had not filed a remonstrance before the county board, can not be sustained.

In the case of *Grummon* v. *Holmes*, 76 Ind. 585, the applicant had moved that the remonstrance be made more specific, and this court reversed the judgment because that motion was not sustained. The court said: "A remonstrance on the ground of the immorality of the applicant, or of his unfitness otherwise to be entrusted with the sale of intoxicating liquors, ought to set forth the particulars of the immorality imputed to him, or of his unfitness otherwise, with such reasonable degree of certainty as will advise him of the nature of the charge against him, so that he may be able to meet it."

But, in the case before us, without any remonstrance, unknown persons, not parties to the record, and not shown to have the statutory qualifications of remonstrants, were permitted to appear by attorney, and have the privileges of remonstrants, without any notice to the applicant as to the nature of the charges he had to meet. The brief of the attorney, who thus appeared below, is entitled "Brief of ——— ———, for and in behalf of the citizens who desired to remonstrate," etc.

The foregoing action of the court is properly set forth among the reasons for a new trial. The court erred in overruling the motion for a new trial.

The proceedings complained of were unwarranted and in-

consistent with justice.   For the error in overruling the motion for a new trial the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, and this cause is remanded for a new trial.

Filed Dec. 11, 1884.