CITY OF RICH HILL, Respondent, v. B. J. COLEMAN, Appellant.

Kansas City Court of Appeals, December 2, 1895.

1. **Selling Liquor:** DISTILLERY: WAREROOM. Defendant's distillery, was located a mile and one half from his wareroom. The latter was in the corporate limits of plaintiff. The former was not. *Held*, an ordinance permitting certain sales of liquor at the "place by the manufacturer thereof," did not authorize such sales at the warehouse.

2. ———: ———: ———: U. S. STATUTE. The fact that the United States statute prohibits sales at the distillery does not authorize the court to reconcile conflicting statutes.

*Appeal from the Bates Circuit Court.*—HON. JAS. H. LAY, Judge.

AFFIRMED.

*Silas W. Dooley* for defendant.

If federal, state, and city laws are construed strictly, one or the other must fall, hence the rule that statutes should be construed as to give them both force. *Connor v. Railroad*, 59 Mo. 285. When the provisions of a law are inconsistent and contradictory

to each other or a literal construction would make a conflict, it is the duty of the court to harmonize the various provisions; and to effect this, it may be necessary to depart from a literal construction of one or more sections.  *State v. Heman,* 70 Mo. 441.  See opinion of Judge Hough, 59 Mo. 285, *supra,* 305, 306; *State v. Anderson,* 84 Mo. 527; *Veden v. Hall,* 21 Mo. App. 452; *State v. Jaeger,* 63 Mo. 403; *State v. Wyl,* 55 Mo. 67.  But the United States law, section 3246, Revised Statutes United States, permits vinters to sell their wine at the place of vintage, consequently there is no conflict and both laws can stand together.

*Geo. P. Huckeby* for plaintiff.

(1)  The decision of the lower court should be sustained because to do otherwise would in effect nullify the power given by the laws of the state of Missouri to cities of the fourth class to license and regulate the sale of intoxicating liquors within their own limits.  (2) The city of Rich Hill, under the power so delegated by the state, has a license law requiring dramshop keepers to pay a license.  Section 14 of ordinance 31, filed as exhibit "A" with abstract of the record.  (3) The appellant could have sold his liquors at the place where made (for instance at his bonded warehouse near his distillery), and yet not at his distillery, and so complied with the reasonable construction of the laws of the United States, and of the state, and at the same time not have violated the ordinance of the city.  This we think self-evident.  (4) As we understand it, and as the lower court seemed to understand it, there is no conflict between the United States law and the city ordinance.  We think the whole matter is virtually settled by the decisions in the cases of *State v. Wyl,* 55 Mo. App. 67; *State v. Jaeger,* 63

Mo. App. 403. (5) "A law ought to be interpreted in such a manner as that it may have effect and not. be found vain and illusive." *State v. Anderson*, 84 Mo. 527. The court should so construe the law as to sustain the ordinance. If there is a doubt, it must be resolved in favor of the validity of the ordinance. *City of Lamar v. Weidman*, 57 Mo. App. 507.

SMITH, P. J.—This is a prosecution that was set on foot by the city of Rich Hill, a city of the fourth class, against the defendant for the violation of an ordinance of that city which provided that no person should directly or indirectly sell any intoxicating liquors in any quantity less than three gallons within the city limits, without first taking out a city license, as a dramshop keeper. The complaint charged that the defendant sold one gallon of whiskey without first taking out a city license as a dramshop keeper, etc. It was admitted that the defendant made the sale as charged. It was admitted, too, that the defendant before and at the time of the sale was a "distiller of distilled liquor" and that his distillery was located about a mile and a half from the corporate limits of the said city; that he was prohibited by the law of the United States from selling at his distillery; that he had an office and wareroom in the corporate limits of the said city; that. after taking liquor out of bond he removed it to said office and wareroom and used it as his place to do all his trading and shipping from in connection with his distillery, and from which he did on the day alleged in the complaint sell one gallon of liquor as alleged; that the said city was the home of the defendant and his only postoffice address for business purposes; that he did not sell the product of his said distillery or do any other business in connection with the sale of the product

thereof except at the said place of business in said city, nor did he do any other business therein.

A further ordinance of said city provides that: "Intoxicating liquors may be sold in quantities not less than one gallon *at the place manufactured* by the manufacturer thereof, but such seller or manufacturer shall not permit the same to be drank on his premises or at any place under his control, and any violation of this section shall be deemed a misdemeanor for which the offender may be fined not less than one or more than one hundred dollars."

The defendant, who was found guilty in the court below, brings the cause here on appeal. The defendant contends that, upon the agreed statement of facts and the law applicable thereto, he should not have been convicted.

If the defendant was a distiller, and the liquor was manufactured by him at the place where it was sold by him, then he would appear to be excepted out of the operation of the dramshop ordinance already referred to. That ordinance would be inapplicable to him. If it be conceded that he was a manufacturer of distilled liquor, and that that sold was manufactured by him, yet there remains to be determined the question whether such liquor was manufactured at the place where sold. The ordinance requires the place of sale and that of the manufacture to be one and the same—identical. Can it be said with any show of reason that the defendant's office and wareroom in said city, where he made the sale, is identical with his distillery, situate a mile and a half from the corporate limits of said city, where the liquor so sold was manufactured? The former is within, and the latter is without, the corporate limits of said city—over the one place, the city has jurisdiction; over the other, it has not. We know of no rule of construction that would authorize us to hold that the

place of sale was the same as that of the manufacture. In *State v. Wyl*, 55 Mo. 67, where a statute, the provisions of which were somewhat similar to those of the ordinance before us, it was said by WAGNER, J.: "By the word 'premises' in the section is undoubtedly intended the place where the wine was produced and manufactured. The premises for the production or manufacture need not necessarily be in or upon the vineyard where the grapes are grown. A may may well have his vineyard at one place and his wine cellar and appliances for making and producing wine at another, and this last place, where the wine was actually made and stored, would be, I think, the premises contemplated by the law. That he could sell there without a license can not be for a moment doubted. But if, in addition to this, he could bring his wine into town and sell it out, he would be allowed the privilege of selling in two places, and if he can sell in two, he can sell in a dozen, and thus he might sell wine all over the county, if he happened to own property in different townships, and call it selling on his premises."

"The law was not designed to have this unrestricted scope and operation. Under such a construction, houses might be established and multiplied in every direction, and the owners would neither contribute to the revenue, nor be under any of the salutary restraints in reference to wine and beer houses."

We think the reasoning of Judge WAGNER in that case is applicable to the undisputed facts of this, and necessarily disposes of the defendant's contention.

But defendant contends that the statute of the United States prohibits him from selling liquors at his distillery, that are manufactured there by him, and that, therefore, unless he can sell at his wareroom in said city, the license accorded by the ordinance is inoper-

ative; that, since the laws of the United States declare that he shall not sell the product of his distillery at such distillery, and those of the state (sec. 4593, Revised Statutes) and the said city declare that he may do so, there is an irreconcilable conflict.

This must be conceded to be so, but yet we are unauthorized by mere construction to interpolate into the latter, terms which would do away with the conflict. If the United States, by its statutes, has seen proper to prohibit the enjoyment of a privilege which the state and the city, by their laws and ordinances, have granted to those engaged in the business of distilling liquor, the courts are powerless to reconcile these conflicting statutes. The power to do this is vested in the lawmaking power and not in the judiciary. To be sure, it is the duty of the latter, when possible, to reconcile inharmonious and conflicting statutory provisions, but the case before us is one where this is impossible. We can not, by construction of the terms of the ordinance, hold that the defendant's wareroom in said city is the place where his distillery is located, nor *vice versa*.

The judgment of the trial court must, therefore, be affirmed. All concur.