THE STATE OF MISSOURI, Respondent, v. GEORGE W. HEARD, Appellant.

Kansas City Court of Appeals, January 6, 1896.

1. **Definitions:** PLACE. The word place has a variable meaning depending upon the connection and circumstances of its use; it may not be identity of spot.

2. **Criminal Law:** SELLING LIQUOR: STATUTORY CONSTRUCTION. Section 24, Laws of 1891, page 132, does not mean that the distiller must sell his liquor in the distillery, but he may sell outside the building provided it is within the distillery premises. *Rich Hill v. Coleman,* 63 Mo. App. 615, *distinguished.*

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED.

*John S. Haymes* for appellant.

(1) The statute is not violated by a sale of whisky, by the gallon, at the place where made. Acts, 1891, p. 132, sec. 24. Anderson's Law Dictionary, in defining place, says: "The extent of the locality is to be determined by the connection in which the word is used." Premises on which a distillery is located can not be used as a place for retailing liquors or for carrying on any other business. R. S., U. S., secs. 3266, 3267, 3271, 3274. When the legislature provided that liquors could be sold at the place where made it certainly intended that a distiller could sell elsewhere than at the exact spot where they were made. Otherwise its act was meaningless or it provided for a violation of the federal statute, neither of which can be attributed to it. (2) At all events, whether the whisky was sold at the place where made was a question of fact for the jury to determine, and the court erred in refusing to submit that fact to it. *State v. Fredericks*, 16 Mo. 382.

*D. M. Rush* for respondent.

(1) Defendant's own testimony shows that the storehouse was located at least ninety yards from the place where the whisky was made. Hence, it was proper for the court to instruct the jury that as a matter of law there was no evidence to justify the defendant in selling intoxicating liquor in less quantity than three gallons if there was no evidence tending to show a sale "at the place where made." (2) The statute authorizing a sale "at the place where made" must be strictly confined to the place where the sale is permitted. *State v. Fredericks*, 16 Mo. 382; *State v. Wyl*, 55 Mo. 67; 2 Am. and Eng. Encyclopedia of Law, p. 738, note 2. (3) It can not be said in this case that the sale was at

the place where the whisky was made, for the reason that defendant's own testimony shows that such was not the case, since the stillhouse or bondhouse was located on a small lot of land lying at the foot of a steep bluff and the store building on an entirely different tract at the top of the bluff at a distance of ninety yards. If a sale can be legal at a distance of ninety yards, why not at a distance of ninety times ninety yards? (4) The fact that the United States law does not permit a sale at the distillery or bond house does not in any way authorize a violation of the state laws, nor tend in the least to change the meaning of the statute. If so, the United States could, by passing a general prohibition law, subject to its own conditions, render the state statutes absolutely void when these conditions were complied with.

ELLISON, J.—The defendant was indicted, tried, and convicted of selling intoxicating liquor in less quantities than three gallons, without having a license as a dramshop keeper. The defense consisted in the fact that defendant was a distiller and that the liquor was whisky which he had made in his distillery and sold, as he contends, at the place where made. The defense is based on section 24, Laws, 1891, page 132, wherein it is provided that: "Intoxicating liquors may be sold in any quantity not less than one gallon, at the place where made, but the maker or seller shall not permit nor suffer the same to be drunk at the place of sale, nor at any place under the control of either or both * * * ." The question in the case is, was the liquor sold "at the place where made." The conceded facts are that defendant's distillery was at the foot of a steep hill and that the house where he sold the liquor was at the top of this hill, about two hundred and seventy feet (measured by stepping up the hill)

away from the distillery, both the distillery and the house where sold being in one inclosure. The distillery, the house, and the whole inclosure were in the sole possession and under the sole control of the defendant.

It is conceded by counsel that the internal revenue statute of the United States prohibits the sale of the liquor inside the distillery building. It is likewise seen that the state statute permits the sale "at the place where made." It is reasonable to infer that the legislature of the state intended the permission it granted by the act above quoted, to be an effective permission, and that, therefore, it intended that the words "at the place where made" should mean more than actually within the building where they were manufactured; for in that building it is conceded they could not be sold under the federal statute. The question, then, is, was the building where the liquor in question was sold the place where it was made, in the sense of the state statute aforesaid? We are of the opinion that it was. The word place has a variable meaning, the particular meaning in any given instance of its use depending upon the connection and circumstances of its use. It may not be identity of spot. "The extent of the locality is to be determined by the connection in which the word is used." Anderson's Law Dictionary. See, also, Webster's Dictionary. In *State v. Wyl*, 55 Mo. 67, it was said that the premises or place for production of wine need not necessarily be in, or upon, the vineyard where the grapes were grown, but might be at another part of the same premises.

If it be known that liquor can not be sold in the distillery building where manufactured, and yet authority is given to the distiller to sell at the place where he makes it, it must follow that the place meant is outside

of the building. So, therefore, our interpretation of the statute is, that the liquor may be sold by the distiller at a place outside the distillery building, provided it is within the distillery premises. And we think the place shown in evidence was on such premises, when the location described is considered.

This case is not like that of *Rich Hill v. Coleman*, decided this term. There the place of sale was wholly distinct and disconnected from the distillery. The place of sale was within the city of Rich Hill, while the distillery was one and a half miles in the country, there being no pretense of any connection between the two.

The result is that we must reverse the judgment. All concur.