Mace v. Smith.

---

## MACE v. SMITH.

[No. 20,549. Filed January 25, 1905.]

1. INTOXICATING LIQUORS.—*Application.*—*Sufficiency of Description of Location.*—An application for the sale of intoxicating liquors in which the premises wherein such business is to be conducted is described as "the lower floor of the front room of the two-story brick building," situate on a certain lot, is insufficient.

From Jennings Circuit Court; *William Fitzgerald,* Special Judge.

Application by Perry F. Smith for license to sell intoxicating liquors, against which Lambert E. Mace files a remonstrance. From a judgment for the applicant, remonstrant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Thomas C. Batchelor* and *Chester A. Batchelor,* for appellant.

*Mark Storen* and *Joseph H. Shea,* for appellee.

Monks, J.—This proceeding was commenced before the board of commissioners of Scott county to obtain a license to sell intoxicating liquors, under the provisions of the laws of this State. A remonstrance was filed before said board of commissioners by appellant against the granting of said license, on the ground that appellee was not a "fit person to be intrusted with the sale of intoxicating liquors." The trial before the board resulted in a finding and judgment against appellant, from which he appealed to the circuit court of said county, after which, on account of the changes of venue taken in said cause, the same was tried in the court below, where a general verdict was returned in favor of appellee, and, over a motion for a new trial, judgment was rendered granting him a license as asked for in his application.

The errors assigned call in question the sufficiency of the application for a license, and the action of the court in overruling appellant's motion for a new trial.

The objection urged against the application for a license is that said application is not sufficient under §7283a Burns 1901, Acts 1895, p. 248, §1, which provides: "That hereafter all persons applying for license before any board of commissioners, under the existing laws of the State of Indiana, to sell spirituous, vinous, malt or other intoxicating liquors, shall, in such application, specifically describe the room in which he desires to sell such liquors, and the exact location of the same, and if there is more than one room in the building in which such liquors are intended to be sold, said applicant shall specifically describe and locate the room in which he desires to sell such liquors in such building."

The part of the application in question reads as follows: "Said place of business and premises whereon said liquors

are to be sold and drunk are located the lower floor of the front room of the two-story brick building situated on the southwest corner of lot No. 47 on the corner of Main and Cherry streets, being twenty-two feet front on Cherry street and twenty-six and one-half feet on Main street, being a part of lot No. 47 in Lexington, Lexington township, Scott county, Indiana."

Said description seems to have been prepared with reference to the requirements of §7278 Burns 1901, §5314 R. S. 1881, in regard to the description required by said statute to be in the notice of the application, and not under §7283a, *supra.* Said §7278, only required that "the precise location of the premises in which he desires to sell" be stated, while §7283a, *supra,* requires not only that the exact location of the room in which he desires to sell be specifically described, but that the room itself be specifically described, and, if there is more than one room in the building, that the room in which the applicant desires to sell be specifically described and located. The building described fronts on two streets, and the words "the lower floor of the front room of the two-story brick building" do not specifically describe the location of said room in the building. As the words "lower floor," in said description, apply to the room, and not to the building, any front room, in the basement, or on the ground floor, or any other floor in said building, on either of said streets, would satisfy the description in the application. There is no specific description of the room. It is evident that said application was insufficient, and it follows that the court erred in holding otherwise.

Other questions are argued as grounds of reversal by appellant, but what we have said renders their determination unnecessary.

Judgment reversed, with instructions to sustain the motion to dismiss appellee's application.