STATE OF MAINE *vs.* AMOS FEZZETTE, Appellant.

Penobscot. Opinion February 22, 1908.

*Intoxicating Liquors. Search and Seizure. Complaint. "Place" Construed. Constitution of Maine, Article I, section 5. R. S., chapter 29, sections 49, 72.*

1. A complaint for a search and seizure process made under R. S., chapter 29, section 49, relating to the unlawful keeping or depositing of intoxicating liquors which fails to designate any place in which they are so kept and deposited otherwise than " in a valise in the possession of the said Fezzette in said Bangor " does not sufficiently allege an offense under that section.
2. The word " place " in R. S., chapter 29, section 49, cannot be construed as broad enough to cover the search for and seizure of liquors in a valise alleged merely to be in the possession of a person charged with unlawfully keeping or depositing liquors, but not alleged to be in any definite and fixed locality or place.
3. To support a search and seizure process, the place to be searched must be a locality, definite, certain and fixed, and must be so described in the complaint.

On exceptions by defendant. Sustained.

Search and seizure process under the provisions of Revised Statutes, chapter 29, section 49, based on a complaint addressed to the Bangor Municipal Court and a warrant issued thereon by said court. The complaint, omitting formal parts, is as follows:

"Harry A. Friend of Etna in said County, competent to be a witness in civil suits, on the twenty-fifth day of June, A. D. one thousand nine hundred and six in behalf of said State, on oath,

complains that he believes that on the twenty-fifth day of June, in said year, at said Bangor, intoxicating liquors were, and still are kept and deposited by Amos Fezzette of Etna in said County, in a valise in the possession of the said Fezzette in said Bangor, said Fezzette not being then and there authorized by law to sell said liquors within said State, and that said liquors then and there were, and now are intended by said Fezzette for sale in the State in violation of law, against the peace of the State and contrary to the form of the statute in such case made and provided.

"He Therefore Prays that due process be issued to search the premises hereinbefore mentioned where said liquors are believed to be deposited, and if there found, that the said liquors and vessels be seized and safely kept until final action and decision be had thereon and that said Fezzette be forthwith apprehended and held to answer to said complaint, and to do and receive such sentence as may be awarded against him."

The warrant issued on said complaint, omitting formal parts, is as follows :

"In the name of the State, you are commanded to enter the premises described and specially designated in the foregoing complaint of said Harry A. Friend, which is expressly referred to as a part of this warrant, and therein search for said liquors, and, if there found, to seize and safely keep the same, with the vessels in which they are contained, until final action and decision be had thereon ; and if you shall there find said liquors, you are hereby commanded to arrest the said Amos Fezzette if he may be found in your precinct, and bring him forthwith before said Court, holden at the Municipal Court Room in said Bangor, to answer to said complaint, and to do and receive such sentence as may be awarded against him."

The defendant was duly arrested on said warrant and arraigned before the said Bangor Municipal Court where he pleaded not guilty. After hearing he was adjudged guilty and thereupon he appealed to the Supreme Judicial Court. The case was then tried to a jury at the February term, 1907, of said Supreme Judicial Court, Penobscot County. Verdict guilty. The defendant then

filed a motion in arrest of judgment which, omitting formal parts, is as follows:

"And now after trial and verdict of guilty and before judgment the said Amos Fezzette comes, etc., and says that judgment ought not to be rendered against him, because he says that the said complaint and warrant and matters therein contained and alleged in the manner and form in which they are therein stated, are not sufficient in law for any judgment to be rendered thereon, and the said complaint and warrant is bad because there is no sufficient description contained in said complaint and warrant of the premises where it is alleged that intoxicating liquors were and still are kept and deposited by Amos Fezzette the said respondent; Also if it can be construed that the allegation in said complaint is that intoxicating liquors were kept and deposited or concealed upon the person of the said respondent then the said complaint and warrant is bad because there is no command in the warrant to the officer to search the person of the said respondent, and for the further reason that there is not contained in said complaint and warrant any allegation of the magistrate before whom the complaint was made that the said magistrate is satisfied by evidence presented to him that intoxicating liquors are kept, deposited or concealed upon the person of the said respondent.

"Wherefore he prays that judgment on said verdict may be arrested and that he may be hence dismissed and discharged."

This motion was overruled by the presiding Justice and the defendant excepted.

The case appears in the opinion.

*H. H. Patten*, County Attorney, for the State.

*John F. Robinson and Charles J. Hutchings*, for defendant.

SITTING: WHITEHOUSE, SAVAGE, PEABODY, CORNISH, KING, JJ.

SAVAGE, J.    The defendant was tried and convicted on a search and seizure process issued under the provisions of section 49, chapter 29 of the Revised Statutes relating to the unlawful keeping or depositing of intoxicating liquors. After conviction, he filed

this motion in arrest of judgment, which was overruled, and exceptions were taken.

The statute in question provides that "if any person competent to be a witness in civil suits, makes sworn complaint before any judge of a municipal or police court or trial justice, that he believes that intoxicating liquors are unlawfully kept or deposited in any place in the State by any person, and that the same are intended for sale within the State in violation of law, such magistrate shall issue his warrant, directed to any officer having power to serve criminal process, commanding him to search the premises described and specially designated in such complaint and warrant, and if said liquors are there found to seize the same, with the vessels in which they are contained."

In the complaint in this case the complainant alleged that he believed that on a day named, "at said Bangor, intoxicating liquors were and still are kept and deposited by Amos Fezzette of Etna in said county, in a valise in the possession of the said Fezzette in said Bangor." The prayer in the complaint was "that due process be issued to search the premises hereinbefore mentioned where said liquors are believed to be deposited." And the warrant commanded the officer "to enter the premises described and specially designated in the foregoing complaint . . . which is expressly referred to as a part of this warrant."

The contention of the defendant is that a "valise in the possession of" a person is not a "place," within the meaning of that word in the statute, and hence that the complaint fails to charge the statutory offense. We think this contention must be upheld.

The constitution of Maine, Art. I, sect. 5, provides that no warrant to search any place, or seize any person or thing shall issue "without a special designation of the place to be searched." The statute above referred to requires that the "premises" to be searched shall be described and specially designated in such complaint and warrant." The form of warrant found in section 72 of the same chapter is, at least, a legislative interpretation of the meaning of the word "place" in section 49. It commands the officer to "enter"

the place or premises before named and "therein" to search for said liquors.

While the word place has several meanings, it ordinarily has reference to locality. And it is obvious that in a statute providing for a search and seizure not only does the word place refer to locality, but under the constitutional provision above named, the locality must be definite, certain and fixed. It must be capable of being described and specially designated. It must be so definite as to direct the officer not only what, but where, he is to search. The warrant commands him to "enter" a place. It would be a perversion of terms to say that he is to "enter," if he can find it, the valise of a "peripatetic rumseller," as such a one is characterized by the court in *State* v. *Grames*, 68 Maine, 418. As we have seen, in the same section, the "place" is also referred to as the "premises described." The word "premises" signifies a distinct and definite locality. It may mean a room, or a shop, or a building, or a definite area, but in either case, the locality is fixed. Otherwise the use of the word would be misapplied.

We cannot extend the statute by construction beyond the plain signification of the language used. We think it is clear that the word "place" in the statute cannot by any reasonable interpretation be construed as broad enough to cover the search for and seizure of liquors in a valise alleged merely to be in the possession of the defendant, but not alleged to be in any definite and fixed locality or place.

Doubtless one who peddles intoxicating liquors from a valise carried about by him from place to place as he may find customers is punishable for his single sales or as a common seller of intoxicating liquors. But under the existing statute, the search and seizure process will not lie against him for unlawfully keeping such liquors upon the mere allegation that they are contained in a valise in his possession.

*Exceptions sustained. Judgment arrested.*
*Complaint quashed.*