## KUNKEL *v.* ABELL ET AL.

[No. 21,067. Filed April 24, 1908.]

1. WORDS AND PHRASES. — *"Premises." — Notice. — Intoxicating
   Liquors.*—The word "premises," as used in §8318 Burns 1908,
   Acts 1875 (s. s.), p. 55, §3, providing that an applicant for liquor
   license must give a public notice thereof stating the "precise loca-
   tion of the premises" whereon he desires to sell, imports a
   definite tract of land and the building located thereon in which
   he desires to sell. p. 306.
2. INTOXICATING LIQUORS.—*Notice.—Requisites.*—A notice of an
   application for a liquor license should describe the lot on which
   the building stands in which the sales are to be made. pp. 307, 308.
3. SAME.—*Application.—Description.—Notice.*—The description of
   the room in which sales are to be made, in an application for
   liquor license, must be specific and definite, but the description in
   the notice is not required to describe such room. p. 308.

From Pike Circuit Court; *E. A. Ely,* Judge.

Application for license to retail liquors, by John E. Kun-
kel, against which Theodore Abell and others remonstrate.
From a judgment for remonstrants, the applicant appeals.
*Reversed.*

*E. P. Richardson* and *A. H. Taylor,* for appellant.
*Samuel E. Dillin, David D. Corn, James W. Brumfield*
and *Frank Ely,* for appellees.

HADLEY, J.—In a proceeding for a license to sell intoxicating liquors at retail, appellant, in the notice of his application, described the "precise location of the premises" where he proposed to do business as follows:

"In a room fronting on Main street of a building situated at the corner of Main and Sixth streets, on part of lot sixty-seven in the original plat of the town of Petersburg, Indiana, and which part of said lot on which said building is situated is more particularly described as follows, to wit: Commencing at the east corner of said lot sixty-seven at the intersection of Main and Sixth streets of said town, and running thence southwest with Main street twenty-three feet, thence northwest parallel with Sixth street seventy feet, thence northeast parallel with Main street twenty-three feet to Sixth street, thence southeast with Sixth street, seventy feet to the place of beginning."

Appellees' motion to dismiss the application, because the "precise location," whereon appellant desired to make such sales was insufficiently described, was sustained. Judgment of dismissal entered, and the applicant appeals.

The question before us deals with the preliminary notice required by §8318 Burns 1908, Acts 1875 (s. s.), p. 55, §3, and not with the contents of the application, required

1. by §8324 Burns 1908, Acts 1895, p. 248, §1. Under the former section, before the board of commissioners will consider an application for license, or take jurisdiction of the proceeding, the applicant must first give to the citizens of the township, town, city or ward in which he desires to establish a saloon, a twenty days' notice, stating therein the "precise location of the premises" whereon he desires to conduct such sales. The term "premises" as here used was evidently intended to be more comprehensive than the word "room" as employed in §8324, *supra*. In common parlance the term is broader than the word "room." As applied to the occupancy of real property it embraces any definite portion of land and the building and appurtenant structures situated thereon, over which the owner or occu-

pant has the right to and does exercise authority and control. As said by Elliott, J., in *State* v. *French* (1889), 120 Ind. 229, 230: "The word 'premises' is now commonly used to mean 'lands and tenements.'"

A correct and precise description of the location of the town lot, or part thereof, upon which is situated the building containing the room which the applicant proposes to use as a salesroom, is a description of the location of the premises, sufficiently precise within the meaning of §8318, *supra*. *Ex parte Miller* (1884), 98 Ind. 451; *Murphy* v. *Board, etc.* (1881), 73 Ind. 483; *Shields* v. *State* (1884), 95 Ind. 299; *Mace* v. *Smith* (1905), 164 Ind. 152, 154; *Herrman* v. *Adriatic Fire Ins. Co.* (1879), 45 N. Y. Super. 394; *State* v. *Wyl* (1874), 55 Mo. 67; *State* v. *Moore* (1898), (Miss.), 24 South. 308; *Downman* v. *State* (1848), 14 Ala. 242; *Thompson* v. *Browne* (1897), 10 S. Dak. 344, 73 N. W. 194. In the case of *Ex parte Miller, supra,* the "precise location of the premises" was given in both the notice and the application in language, except as to figures and names, almost identical with the language employed in the notice under consideration. It was there held sufficient. The decision in that case was made under the liquor law of 1875, which act contained the provision now in force concerning notice of the application for a license, but contained no provision concerning the contents of the application, as now required by the act of 1895 (§8324, *supra*.) Therefore what was said by the court in that case, relating to the requisites of a sufficient notice, is as applicable now as then. We quote the following from page 484: "It is true  *  *  * that the statute does require that a particular description shall be given by the applicant, but no more is meant than a description so reasonably full and certain as to point out the exact location of the premises. It is not meant that there shall be a detailed description of the kind of a house, or any such thing as that."

We have heretofore clearly recognized, in *Mace* v. *Smith,*

*supra,* that a more particular and definite description of the place of the proposed sales should be given in the application than in the preliminary notice; that the latter only calls for "a precise location of the premises," while the former goes further and requires not only the exact location of the premises, but the particular room to be occupied, and if there be more than one room in the building or premises a definite description of the exact room must be given.

In this case the proposed business place is described in the notice by correctly setting out the ordinary description of the town lot, and by describing the precise part of said lot occupied by the building in which the applicant proposed to sell, and also the room, as the one fronting on Main street. This notice was ample to give the citizens certain information of the place where the applicant would establish his saloon, if a license were granted him, and this is all that is contemplated by §8318, *supra.* It follows that the court erred in sustaining appellee's motion to dismiss.

The judgment is therefore reversed, and the cause remanded with instructions to overrule the motion to dismiss the proceeding, and for further proceedings not inconsistent with the opinion.