No. 9547.

ELIOPULOS *v.* THE PEOPLE.

1. CRIMINAL LAW—*Venue*—*Evidence.* That the offense was committed in the county where the information is filed may be inferred from all the evidence.

THE evidence examined and *held* sufficient to show that the offense was committed in the county alleged.

2. EVIDENCE—*Judicial Notice,* taken that Grand Junction is a city within Mesa County.

*Error to Mesa County Court, Hon. N. C. Miller, Judge.*

Mr. L. L. MORRISON, Mr. BENJAMIN GRIFFITH, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, Mr. WILLIAM R. RAMSEY, Assistant Attorney General, for The People.

Opinion by Mr. Justice Allen.

DEFENDANT below was charged with the offense of knowingly permitting a building owned and kept by him, to be used and occupied for gambling. The venue, in the information, is laid in Mesa County, Colorado. The trial was held in the County Court of Mesa County, and resulted in the conviction of the defendant. The cause is now before us upon the defendant's application for a supersedeas, and the sole question to be determined is whether or not the evidence was sufficient as to the proof of venue.

Venue is a matter that may be inferred from all the evidence in the case. *Brooks v. People,* 23 Colo. 375, 377, 48 Pac. 502; *Brook v. People,* — Colo. —, 176 Pac. 744; 16 C. J. 768, sec 1573.

The place of the offense is frequently referred to in the evidence as a pool hall "at the corner of Pitkin Avenue and Second Street." One witness testified that he arrested several men for gambling "in Grand Junction" at "Second and Pitkin." The evidence shows that the defendant was one of the proprietors of the pool hall in question, and had been, at different times, seen in the pool hall, or going in or out therefrom, and that he was, at the time of the trial, and ever since 1911 had been, a resident of the city of Grand Junction. The evidence was clearly sufficient to show that the offense was committed in the city of Grand Junction.

The evidence, furthermore, plainly indicates that the city of Grand Junction, referred to, was Grand Junction, Colorado. The trial took place in that city, the same being the county seat of Mesa County. A witness for the defendant testified that he "is the proprietor of the pool hall at the corner of Pitkin Avenue and Second Street in this city."

The words "this city" can refer only to Grand Junction, Colorado. It appearing from the evidence that Grand Junction is a city in the state of Colorado, the court takes judicial notice of the fact that Grand Junction is located within the County of Mesa. 16 C. J. 515, sec. 955; 16 Cyc. 909. The evidence is sufficient to show that the offense was committed in Mesa County, Colorado, as alleged in the information.

The application for a supersedeas is denied, and the judgment affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.