## Gasoline Storage.

*Statutes—Construction—"Buildings"—"Premises"—Acts of July 1, 1919, and May 11, 1921.*

1. Under the Act of July 1, 1919, P. L. 710, as amended by the Act of May 11, 1921, P. L. 500, the Bureau of Fire Protection has jurisdiction not only over all "buildings" in which inflammable or explosive substances are stored; but over all "premises" in which said substances may be placed.

2. The word "premises," as applied to the occupancy of real property, embraces any definite portion of land and the building and appurtenant structures over which the owner or occupant has the right to, and does, exercise authority and control.

3. Particular phrases left doubtful by an act itself are to be construed as synonymous with, or analogous to, the same phrases used in other statutes upon the same subject in such connections or surroundings as define their meaning beyond question or point emphatically to a certain interpretation.

Attorney-General's Department. Opinion to Charles D. Wolfe, Bureau of Fire Protection, Department of State Police.

Swoope, Dep. Att'y-Gen., March 27, 1922.—I received your request for an opinion from this department as to the validity of the "regulations governing the having, using, storage, sale and keeping of gasoline," etc., recently issued by the Department of State Police under the Act of July 1, 1919, P. L. 710, and the amendment of May 11, 1921, P. L. 500.

The fourth clause of section 1 of the Act of July 1, 1919, P. L. 710, provides as follows: "The department may adopt and enforce rules and regulations governing the having, using, storage, sale and keeping of gasoline, naphtha, kerosene or other substance of like character, blasting powder, gunpowder, dynamite or any other inflammable or combustible chemical products or substances or materials. The department may also adopt and enforce rules and regulations requiring the placing of fire-extinguishers in buildings."

The first sentence of section 3, as amended by the Act of May 11, 1921, P. L. 500, is in these words: "The Department of State Police or its assistants, upon the complaint of any person, or whenever it or they shall deem it necessary, shall inspect *the buildings and premises.*"

Further on in this section are the words, "the owner or occupant of such premises or buildings." In the second paragraph of this section in one place

Gasoline Storage.

the words "occupant of the premises" are inserted, in another place "owner of the premises." At the end of section 4 the words are "enter any building or premises within its or their jurisdiction."

It seems plain from the use in this act of the words "buildings" and "premises" in its various clauses that the intention of the legislature was to confer upon the Bureau of Fire Protection jurisdiction not only over all "buildings" in which inflammable or explosive substances are stored, but over all "premises" in which said substances may be placed.

This conclusion is in harmony with the rules laid down by the courts in the construction of statutes.

"The method is to ascertain the meaning of any particular phrase or provision in the light of every direction made upon the subject-matter it refers to by the legislature up to the time when the court is called upon to pronounce its judgment. It requires particular phrases, left doubtful by the act itself, to be construed as synonymous with, or analogous to, the same phrases used in other statutes upon the same subject in such connections or surroundings as define their meaning beyond question, or point emphatically to a certain interpretation. It requires gaps left in the act, not amounting to casus omissi, to be filled from the materials supplied by other statutes upon the same subject and in harmony with them. It requires words capable of several meanings, the choice among which is not determined by the use of words in a definite and unmistakable sense in one of the other statutes, to be so construed, if possible, as to preserve in force and effect, side by side with them, the words of earlier statutes, to the avoidance of an interpretation which would raise a repugnancy between the earlier and the later statutes, fatal to the former. The effect is to preserve harmony and consistency in the entire body of the legislation upon a given subject-matter:" Endlich on the Interpretation of Statutes, § 53.

This view is strengthened by the judicial definitions of the word "premises."

"As applied to the occupancy of real property, it embraces any definite portion of land and the building and appurtenant structures over which the owner or occupant has the right and does exercise authority and control: Kunkel v. Abell, 84 N. E. Repr. 503, 504; 170 Ind. 305:" 3 Words and Phrases (2nd Series), 1144.

"The words 'building' and 'premises' are sometimes used interchangeably in prohibitive clauses of insurance policies. These words were so used in the clause of a policy prohibiting the keeping of explosives: Kenefick v. Norwich Union Fire Ins. Society, 103 S. W. Repr. 957, 959; 205 Mo. 294:" 3 Words and Phrases (2nd Series), 1145.

The regulations submitted to me, so far as covering both "premises" and "buildings," are, therefore, valid.

The general rule in regard to rules and regulations promulgated under an act of assembly is: ". . . That the legislature intended to give only such powers as were necessary to carry out the objects of the enactment, and not any larger powers than were necessary for that purpose. . . . The principle is that rules and by-laws are construed like other provisions encroaching on the ordinary rights of persons. They must, on pain of invalidity, be reasonable and not in excess of the statutory power authorizing them, or repugnant to that statute or to the general principles of law:" Endlich on the Interpretation of Statutes, § 352.

These principles were affirmed in the late case of Goldwyn's Appeal, 265 Pa. 335, where our Supreme Court said: "The board of censors, in classifying such pictures (by a regulation) and placing them under its condemna-
1 D. & C.

tion, is exercising its judgment" and the authority conferred upon it by the act.

As the regulations submitted seem reasonable and adapted to the purposes intended by the legislature, you are advised that they are a valid exercise of the authority conferred upon your department by the 1st section of the Act of July 1, 1919, P. L. 710.

From Guy H. Davies, Harrisburg, Pa.