## No. 11,274.

### RHODES v. THE PEOPLE.

Decided June 29, 1925.

Plaintiff in error was convicted of a violation of the prohibition act.

*Affirmed.*

### On Application for Supersedeas.

1. CRIMINAL LAW—*Venue.* In a criminal trial, evidence that the offense took place in the "town of Craig," held sufficient proof of venue.

2. *Evidence—Contradictory Testimony for People.* Where in a prosecution for a violation of the prohibition act, the only two witnesses for the people on the question of a sale contradicted each other, it is held that the evidence was sufficient if the jury believed there had been a sale.

3. INTOXICATING LIQUOR—*Whisky.* In the absence of evidence concerning the intoxicating property of whisky involved in a prosecution under the prohibition act, it is presumed to be intoxicating.

4. *Evidence—Whisky—Judicial Notice.* The court may take judicial notice that whisky means intoxicating liquor.

*Error to the County Court of Moffat County, Hon. F. D. Guinn, Judge.*

Messrs. WILEY & WAKEMAN, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error was convicted of a violation of the prohibitory law. He was tried upon an information which charged that on March 15, 1925, at and within Moffat county, he "did then and there unlawfully sell intoxicating liquor." He has sued out this writ of error, and applies for a supersedeas.

It is first contended that the people failed to prove venue. The evidence shows that the transaction claimed to constitute the offense took place in the town of Craig. Under the reasoning in *Eliopulos v. People,* 66 Colo. 273, 274, 180 Pac. 746, the proof of venue was sufficient.

The next point brought up is the question whether any sale occurred. The people's witness Campbell testified that he saw defendant sell liquor to Davis. Davis, called by the people, testified that he went to the defendant "to see if he got any," meaning what the witness referred to as "liquor," and that he did not get it, and doesn't know whether Campbell got it. So it seems that one of the people's witnesses contradicts another. This is all the people's evidence, on this point, to which our attention has been called, on either side, concerning a sale. While Davis' testimony discredits that of Campbell, still we cannot say that the jury could not believe Campbell, and must, therefore, hold the evidence sufficient upon the question of sale.

The principal contention is that if there was a sale,

there is no evidence that the article sold was intoxicating liquor. The witness Campbell referred to it as "liquor." He testified that defendant went into an adjoining room "and secures the pint of liquor," and that he and Davis paid defendant $3 for it. The sheriff testified that he found "liquor" in the adjoining room above referred to.

The witness Lynch testified he was present and saw the sheriff find four pints of "whisky." There was no cross examination of any witness as to what he meant by the term "liquor." The testimony of Lynch indicates that they used that term as one interchangeable with "whisky" and that the liquor consisted of whisky. There was no testimony that the whisky was intoxicating, but, in the absence of evidence concerning the intoxicating property of whisky involved in the case, it is presumed to be intoxicating. In *Moffitt v. People,* 59 Colo. 406, 149 Pac. 104, it was held that the court may take judicial notice that the word "beer" means an intoxicating liquor. The same may be said of the word "whisky."

We are unable to sustain the contention that the evidence is insufficient to support the conviction. The application for supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.