## No. 11,316.

### STALEY v. THE PEOPLE.

Decided September 14, 1925.

Plaintiff in error was found guilty of the unlawful possession of intoxicating liquor.

*Reversed.*

## On Application for Supersedeas.

1. APPEAL AND ERROR—*Sufficiency of Evidence.* In a prosecution for the unlawful possession of intoxicating liquor, evidence reviewed, and the contention that it was insufficient to sustain a conviction, overruled.

2. CRIMINAL LAW—*Venue.* Venue is a matter that may be inferred from all the evidence in the case.

3. *Arraignment and Plea.* In a prosecution for the unlawful possession of intoxicating liquor, there having been an arraignment and plea before a justice of the peace, on appeal to the county court, no further arraignment or plea was necessary.

4. *Instructions.* An instruction, although an accurate statement of the law, should not be given in the absence of any charge or evidence justifying it.

5. WORDS AND PHRASES—*Premises.* The word "premises," as used in section 3701, C. L. '21, relating to intoxicating liquors, does not cover personal property.

6. CRIMINAL LAW—*Intoxicating Liquor—Instructions.* In a prosecution under the prohibition act, where the evidence disclosed that defendant and another had intoxicating liquor in their possession in the automobile of defendant, the giving of an unqualified instruction, that it was an offense for one to "permit another to have or keep or use intoxicating liquors on any premises owned or controlled by him," was reversible error.

*Error to the County Court of Bent County, Hon. Herman A. Bailey, Judge.*

Mr. WILKIE HAM, Mr. GRANBY HILLYER, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defend-

ant, brings this cause here to review a judgment of the trial court, sentencing him to ninety days in the county jail on a verdict of guilty of the unlawful possession of intoxicating liquor, and asks that the writ be made a supersedeas.

Complaint was first filed against defendant before J. R. Blackburn, justice of the peace, and on defendant's motion a change of venue was granted to the justice court of H. Frey, where defendant was found guilty and sentenced to ninety days in jail. From that judgment he appealed to the county court with the result above stated.

The only alleged errors requiring notice are: (1) That the evidence was insufficient; (2) that the venue was not proven; (3) that there was no arraignment and plea; (4) that a portion of instruction No. 2 should have been omitted or defendant's instruction No. 13 given.

1. On the afternoon of May 5, 1925, Neil, sheriff of Bent county, accompanied in an automobile by under sheriff Borton, looking for violators of the liquor law, stationed himself on a public highway where he was approached by defendant and one Wilson, in an automobile, at the rate of about forty miles per hour. The sheriff recognized the car as defendant's and recognized defendant, called to him to stop, and fired two shots. Instead of stopping defendant turned out to the side of the road, continued his speed through rough and sandy ground, turned back into the road, and he or Wilson broke a fruit jar on the side of the car. Investigation of the road and the broken jar clearly showed that the jar had contained intoxicating liquor. Such, in substance, was the testimony of the sheriff and his deputy. Defendant, examined in his own behalf, admitted his presence at the time and place in question, and the approximate speed of his car. He denied the breaking of the fruit jar, denied there had been any liquor in his possession, and asserted that he did not recognize the officers or hear them call or shoot. Not only is this evidence ample to sustain a conviction of

defendant as charged but if, as we must assume, the jurors believed the officers, no other verdict was possible.

2.   Under the rule heretofore announced by this court the venue was proven. *Eliopulos v. People,* 66 Colo. 273, 274, 180 Pac. 746.

3.   There was an arraignment and plea in the justice of the peace court.  Nothing more was required. *Poole v. People,* 24 Colo. 510, 516, 52 Pac. 1025, 65 Am. St. Rep. 245.

4.   By instruction No. 2 the jurors were told that it was an offense for one to "permit another to have or keep or use intoxicating liquors on any premises owned or controlled by him."   The quoted portion of the instruction is taken from section 3701, C. L. 1921, and is, of course, a correct statement of law, but, as there was no such charge or evidence it should not have been given.

Defendant's instruction No. 13 confined the term "premises" to "real estate" or "a building or its adjuncts or a room thereof," an explanation necessary to render harmless the giving of the above quoted portion of instruction No. 2.   The word "premises" does not cover personal property. *Kunkel v. Abell,* 170 Ind. 305, 84 N. E. 503; *State v. Fezzette,* 103 Me. 467, 69 Atl. 1073.   Of course the word is, as noted by Webster, sometimes loosely used to include personal property, but a careful examination of other sections of the act clearly shows that it was not so used by the legislature in said section 3701.   For example, section 3711, Id., provides for the issuance and service of search warrants for the seizure of intoxicating liquors, and "premises" and "automobiles" are therein separately designated.   Section 3712, Id., provides that the officer seizing liquors under such a warrant shall also seize the vessels in which they are contained, and any automobile "used in conveying the same," that the automobile may not be taken from the custody of the officer while the proceedings are pending, and that "if no person is in possession of the premises where such liquors are found, the officer seizing such liquors shall post in a conspicuous

place on said premises a copy of his warrant." Certainly the legislature did not intend that the officer seizing an automobile under this act should post in a conspicuous place thereon a copy of his warrant.

By the giving of instruction No. 2 and the refusal to give defendant's requested instruction No. 13 the jurors were told that if defendant had nothing more to do with the liquor in question than knowingly permitting Wilson, while in possession thereof, to ride in defendant's car, still defendant could be convicted as charged. We cannot say that the jurors did not so believe and so convict. For that error in the instructions the judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.