### ACTION FOR DAMAGES FOR REFUSAL TO GRANT A LIQUOR LICENSE.

Court of Appeals for Hamilton County.

JULIUS THEURKAUF v. ROGERS WRIGHT ET AL.

Decided, January 31, 1916.

*Liquor Licensing Officers—Not Answerable for Refusing to Grant a License—Character of Their Functions.*

Liquor licensing boards perform *quasi*-judicial functions, and can not be held answerable in damages for errors or mistakes, if any are made, in the exercise of their functions.

*H. P. Karch,* for plaintiff in error.

*Ellis G. Kinkead, John A. Deasy* and *Timothy S. Hogan,* contra.

GORMAN, J.

The action below was brought in the Superior Court of Cincinnati by plaintiff in error against Rogers Wright and William Marschheuser as the Hamilton County Liquor Licensing Board, and Charles L. Allen, Byron M. ClenDening and J. H. Secrest as the Ohio State Liquor Licensing Board, to recover $20,000 damages for their alleged wrongful refusal and neglect to grant to plaintiff a license to traffic in intoxicating liquors in Cincinnati for the year beginning November 24, 1913, upon his application therefor duly filed in writing as provided by law; and plaintiff further averred that although he possessed all the qualifications requisite in law to entitle him to a license, said boards rejected his application solely on the ground that the number of licenses which could be issued under the Constitution and the laws had been exhausted and there were no more licenses to grant. Plaintiff further averred that he was one of those favored under the laws as entitled to a license because of his good standing and the length of time he had been engaged in the business prior to November 5, 1913. He claimed that as the direct result of the refusal of defendants to issue to him a license he was damaged in the sum above stated and prayed judgment therefor.

A demurrer to plaintiff's second amended petition was interposed by defendants and sustained by the trial court, and the plaintiff not desiring to plead further, his petition was dismissed.

It is claimed that in this ruling the court below erred.

This court is of the opinion that the court below did not err in sustaining the demurrer.

In 23 Cyc., 125, this rule is laid down:

"Licensing officers are not to be held answerable for mere mistakes or errors of judgment; but they are subject to indictment when their action in granting or refusing licenses was prompted by corrupt motives amounting to a gross abuse of discretion or a plain dereliction of duty. They are not personally liable in an action at law against them to recover damages alleged to have been sustained by their refusal to grant a license to plaintiff; the latter, if clearly entitled to a license, may enforce his rights by mandamus, but the proceeding on his ap-

plication is so far judicial as to protect officers from civil actions for damages," etc. Citing *Halloran* v. *McCullough*, 68 Ind., 179.

Under the law (103 O. L., 216-242 inclusive) the county licensing board has something more than ministerial duties to perform; it has *quasi*-judicial functions to perform; it must look into the character and qualifications of applicants for licenses, grant licenses which shall not exceed in number one for every five hundred inhabitants of the county, and perform many other acts calling for an exercise of discretion and judgment. They can not be held answerable in damages for errors or mistakes made by them in the exercise of such functions.

Most of the questions raised in this case were decided adversely to the contention of plaintiff in error by the Supreme Court in the case of *Meyer* v. *O'Dwyer*, 90 Ohio St., 341.

Judgment affirmed.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.